**Gerald HICKMAN, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 98–1642.

United States Court of Appeals, Sixth Circuit.

Submitted: April 30, 1999.

Decided and Filed: July 21, 1999.

---

Brian H. Rolfe (briefed), Falcone & Rolfe, Southfield, Michigan, for Petitioner–Appellant.

Marion E.M. Erickson (briefed), Richard Farber (briefed), U.S. Department of Justice, Appellate Section, Tax Division, Washington, D.C., for Respondent–Appellee.

Before: ENGEL, NELSON, and NORRIS, Circuit Judges.

## OPINION

ALAN E. NORRIS, Circuit Judge.

Appellant Gerald Hickman appeals the United States Tax Court's decision that the Commissioner of Internal Revenue was not collaterally estopped from collecting a deficiency in appellant's income taxes despite the fact that he previously had paid a tax deficiency (albeit incorrectly calculated) as part of his sentence resulting from his conviction for failure to file tax returns. We **affirm** the decision of the tax court.

### I.

Although appellant worked on an independent contractor basis from 1984 to 1988, he failed to file federal income tax returns for those years.

On April 14, 1993, appellant was indicted in the United States District Court for the Eastern District of Michigan on three counts of willfully failing to file income tax returns for the years 1986–88 in violation of Internal Revenue Code, 26 U.S.C. § 7203 (1994). The indictment charged him with having received gross income of $30,252 in 1986, $49,324 in 1987, and $56,638 in 1988. During the course of the trial, the government submitted an exhibit indicating that these sums constituted ap-

pellant's gross income for the years in question and that his corresponding tax liability for those years was $7,249, $13,-246, and $15,781.

Following a jury trial, appellant was found guilty on all three counts. His Presentence Investigation Report ("PIR") adopted the gross income and tax liability amounts proffered by the government during trial. The PIR also recommended that the court order appellant to pay restitution of "the financial loss of $36,276 in unpaid taxes to the United States Government."

In addition to sentencing appellant to confinement and probation, the district court also ordered him to pay restitution to the Internal Revenue Service ("IRS") of $36,276. Appellant paid this amount at some point before May 7, 1996.

On September 27, 1996, the Commissioner of Internal Revenue issued to appellant a notice of deficiency for the years 1984–88. For the years 1986–88, the Commissioner sought to recover the difference between appellant's accurately calculated tax liability and the amount already paid in restitution upon appellant's criminal conviction. The Commissioner contended that the amount still due for these years totalled $11,648 plus a significant amount in interest and penalties pursuant to 26 U.S.C. §§ 6651, 6653 & 6654.

Appellant filed a petition in the United States Tax Court requesting redetermination of his tax deficiencies. Although he conceded his liability for the years 1984 and 1985, including additions in tax (interest and penalties), he argued that the IRS was collaterally estopped from asserting that he owed any taxes for the years 1986–88 in excess of the amount that the district court had determined he owed as restitution for unpaid taxes for those years.

In a very thorough opinion, the tax court rejected appellant's argument, holding that because a finding on the amount of appellant's tax liability was not essential to the district court's judgment of conviction and sentence and because appellant's specific tax liability was not an element of the crime of which he was convicted, the doctrine of collateral estoppel could not preclude the IRS's claim.

## II.

■ We review de novo the tax court's decision with regard to collateral estoppel. *See Heyliger v. State Univ. & Community College Sys. of Tenn.*, 126 F.3d 849, 851 (6th Cir.1997), cert. denied, —— U.S. ——, 118 S.Ct. 1054, 140 L.Ed.2d 117 (1998).

■ Under the doctrine of collateral estoppel, or issue preclusion, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The policy behind the doctrine is that one fair opportunity to litigate an issue is enough. *Bowen v. United States*, 570 F.2d 1311, 1322 (7th Cir.1978). Collateral estoppel applies where the following conditions are met: (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue must have been actually litigated and decided in the prior action; (3) the issue must have been necessary and essential to a judgment on the merits in the prior litigation; and (4) the party to be estopped was a party to the prior litigation, *United States v. Real Property Known and Numbered as 415 E. Mitchell Ave.*, 149 F.3d 472, 476 (6th Cir.1998), or in privity with such a party. *Montana*, 440 U.S. at 153–55, 99 S.Ct. 970. The doctrine applies to tax proceedings to the same extent it applies to proceedings in federal district court. *Commissioner v. Sunnen*, 333 U.S. 591, 601, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

■ Appellant contends that the amount of his tax liability was fully litigated before and decided by the district court. He notes that the government submitted its calculation of unpaid taxes as an exhibit

during trial and that the district court obviously relied upon this calculation (also adopted by the presentence report) in ordering restitution to the IRS. Appellant also asserts that the district court's "resolution of the amount of [his] tax liability was essential to the judgment and order of restitution." Once the court decided to require restitution, appellant contends, a determination of his tax liability became necessary in order to fix the amount of restitution. The tax court determined that resolution of the tax liability was not essential to the district court's judgment.

We agree that resolution of appellant's specific tax liability was not essential to the district court's judgment because it was not an element of the crime of conviction. The jury was not asked to determine that specific tax liability. At the sentencing stage, the district judge enjoyed considerable discretion as to whether he should order restitution, and if so, as to the amount. He was not required to assess either the precise amount of appellant's tax liability or, indeed, any restitution at all. Thus, it was not essential that he precisely determine that tax liability in fashioning the order of restitution.

Appellant is also incorrect in his contention that his tax liability was fully litigated and decided by the district court. As pointed out above, the precise amount of his tax liability was not an element of the government's case and thus was not in direct contention at trial. Furthermore, although the district court may have based its order of restitution upon a government witness' estimate of the taxes due from appellant, the order did not purport to be an exact and comprehensive determination of what appellant owed the IRS. Because the issue of appellant's tax liability was not fully litigated at trial or during sentencing, the restitution order cannot be regarded as a judicial determination of that tax liability.

## III.

Accordingly, the district court's determination of an appropriate amount of restitution did not constitute a final adjudication of appellant's tax liability, and the IRS's claim was not barred by the doctrine of collateral estoppel. The decision of the tax court is **affirmed.**