**F I L E D**
                                                            **United States Court of Appeals**
                                                                    **Tenth Circuit**

**UNITED STATES COURT OF APPEALS**                           **FEB 2 2001**

**FOR THE TENTH CIRCUIT**
                                                            **PATRICK FISHER**
                                                                **Clerk**

---

LARRY DONALD GASS,

       Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No.  00-1126
(D.C. No. 99-B-966)
(D. Colo.)

---

LARRY DONALD GASS and
SANDEE GASS,

       Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No. 00-1157
(D.C. No. 99-B-930)
(D. Colo.)

---

LARRY DONALD GASS;
SANDEE GASS,

       Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No. 00-1335
(D.C. No. 99-B-393)
(D. Colo.)

## ORDER AND JUDGMENT [*]

Before **BRORBY** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Larry and Sandee Gass, proceeding pro se, appeal from the district court's decisions dismissing their claims in three underlying tax cases. Our jurisdiction over these appeals arises from 28 U.S.C. § 1291. In all three cases, the district court granted appellee's motions to dismiss or for summary judgment; we review these decisions de novo. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999) (summary judgment).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In the action underlying appeal No. 00-1335, a suit for a refund of taxes assessed against appellants for tax year 1994, the district court dismissed appellants' claim on res judicata grounds, noting that the same issues had been brought and decided in an earlier Tax Court case and subsequent appeal to this court. Appellants now argue that, because the IRS ignored legally allowed deductions in assessing the 1994 taxes, and because appellants did not raise this claim before the Tax Court, res judicata doesn't apply. Appellants fail to understand the preclusive effect of the doctrine of res judicata, which bars not only claims raised below, but also claims that could have been raised in the earlier suit, but were not. *See Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948). They also claim, without supporting authority or argument, that res judicata cannot be raised on a motion to dismiss; this is a meritless contention. *See, e.g., Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000). Our review of the record convinces us that the district court properly applied res judicata to bar appellants' claims in this case, and that doctrine also dictates that we deny appellants' motion for a "transfer of venue" back to the Tax Court.

In the case underlying appeal No. 00-1126, Larry Gass sought a refund of taxes assessed and collected for tax years 1987 through 1992. The district court granted summary judgment on the basis of collateral estoppel. On appeal, Mr. Gass argues that taxes assessed against income derived from real property are

-3-

unconstitutional as an illegal "indirect excise tax." Appellant's Br. at 9. He also

contends that the taxes were wrongly assessed because he did not receive proper

notices of deficiency, and were illegally collected because the Internal Revenue

Service has not promulgated implementing regulations for the collection of

income tax. After a review of the record on appeal, we agree with the district

court that these issues have been addressed and rejected in a previous action

before the district court and subsequent appeal before this court. Further, this

court sanctioned appellants in the amount of $2000 for asserting these frivolous

contentions. Because that sanction has not deterred Mr. Gass from bringing these

same frivolous arguments in this case, appellee's motion for sanctions in this

appeal in the amount of $4000 is granted. We hereby impose against Mr. Gass

a sanction of $4000 pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1912.

In the case underlying appeal No. 00-1157, appellants sought refund of

frivolous filing penalties assessed and collected against them for tax years 1987

through 1996, as well as mandamus relief. The district court rejected appellants'

claims on the merits. On appeal, appellants continue to assert that implementing

regulations are required before the Internal Revenue Service has authority to

assess these penalties. Appellee responds that appellants' claims should be barred

under collateral estoppel, noting that the same legal issues raised before the

district court in this suit were presented and rejected in a previous suit brought by

appellants. Appellants object, arguing that the previous suit was one for damages, while this case seeks a refund of taxes. Collateral estoppel, or claim preclusion, does not depend upon identity of remedy, but only identity of issues. *See generally Hickman v. Comm'r*, 183 F.3d 535, 537 (6th Cir. 1999). After a review of the record on appeal, we agree with appellee that collateral estoppel would bar appellants' claims in this case, and we affirm the district court's ruling on that basis. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (where record is sufficient to support conclusions of law, appellate court is free to affirm a district court decision on alternative grounds). We also note that appellants were previously sanctioned by this court for bringing these same frivolous arguments. Accordingly, and again in light of the failure of that sanction to deter appellants' continued raising of these issues, we grant appellee's motion for sanctions pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1912. We hereby impose a sanction in this appeal against appellants, jointly and severally, in the amount of $4000.

The district court's decisions underlying these appeals are AFFIRMED. Appellee's motions for sanctions in appeal Nos. 00-1126 and 00-1157 are GRANTED, and sanctions totalling $8000 imposed as set out herein. Further, because appellants' continued assertion of these same issues and arguments in multiple cases and appeals constitutes abuse of the appellate process, we sua

sponte impose the following reasonable filing restrictions upon them, pursuant to our inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and deter frivolous filings. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). Appellants are prohibited from filing any further complaints in the United States District Court for the District of Colorado or in the United States Tax Court or any appeals in this court against the federal government, the Internal Revenue Service or the Tax Commissioner, unless and until the monetary sanctions previously imposed by this court in appeal No. 99-1779 and the sanctions imposed herein are paid in full. The clerks of these courts are instructed to accept no more filings from appellants until proof that all sanctions have been paid in full is provided to the Clerk of this court. Appellants shall have ten days from the date of this order to file written objections, limited to five pages in length, to these proposed filing restrictions. If appellants do not file objections, the restrictions shall take effect twenty days from the date of this order. If appellants file timely objections, the filing restrictions shall not take effect until after this court has ruled on the objections. The filing restrictions shall apply to any matter filed against the federal

government, the Internal Revenue Service, or the Tax Commissioner after that time.  Appellants' motion for "transfer of venue" is DENIED.  All other outstanding motions are also DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge