T.C. Memo. 2001-26

UNITED STATES TAX COURT

CHARLES JEROME POSNANSKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17900-98.                    Filed February 7, 2001.

Charles Jerome Posnanski, pro se.

Randall B. Pooler, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  Respondent determined deficiencies in
petitioner's Federal income taxes and penalties as follows:

| Year | Deficiency | Penalty Sec. 6663(a) |
|------|------------|----------------------|
| 1989 | $3,815 | $2,861 |
| 1990 | 5,531 | 4,148 |
| 1991 | 5,688 | 4,266 |
| 1992 | 5,071 | 3,803 |
| 1993 | 4,430 | 3,317 |

The issues for decision[1] are:  (1) Whether petitioner's

civil tax liabilities for 1989, 1990, 1991, 1992, and 1993 were

satisfied in his prior criminal proceeding; and (2) whether

petitioner is liable for the fraud penalty under section 6663[2]

for the years 1989, 1990, 1991, 1992, and 1993.

                        FINDINGS OF FACT

Most of the facts have been stipulated and are so found.

The stipulation of facts, supplemental stipulation of facts, and

the attached exhibits are incorporated herein by this reference.

Petitioner resided in Cheyenne, Wyoming, at the time he filed his

petition.

Petitioner was the president and principal owner of the Bank

of Manawa, Wisconsin (the Bank), from June of 1976 through and

---

[1]Petitioner and Lois Posnanski filed joint returns for each
of the years in issue.  If a joint return is filed, the liability
with respect to the tax is normally joint and several.  See sec.
6013(d)(3). The notice of deficiency upon which this case is
based was addressed only to petitioner.  Petitioner argues on
brief that his former wife, Lois Posnanski, is liable for half of
any civil tax liability owed by petitioner because she signed the
joint returns for the years in issue and she knew and encouraged
his "retaliation against congressional self-dealing."  Generally,
our jurisdiction over a taxpayer is based on a notice of
deficiency having been sent to the taxpayer and the filing of a
timely petition by that taxpayer.  See sec. 6213(a).  Neither
occurrence is alleged with respect to Lois Posnanski, and
petitioner alleges no other basis for our jurisdiction.
Accordingly, we find petitioner's argument without merit.

[2]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

including the years in issue. Petitioner was active in the day-to-day operations of the Bank and had access to all the computer programs utilized by the Bank. During the years in issue, petitioner and his former wife, Lois Posnanski, maintained two personal, interest-bearing bank accounts at the Bank. For each of the years in issue, petitioner accrued and was paid interest income on these personal accounts in the following amounts:

| Year | Amount |
|------|--------|
| 1989 | $12,334.79 |
| 1990 | 11,116.45 |
| 1991 | 10,999.62 |
| 1992 | 9,320.28 |
| 1993 | 7,493.44 |

Toward the end of each year in issue, petitioner accessed the computer programs at the Bank and deleted information that would cause his interest income to be included on the computer disk sent to respondent for purposes of reporting interest paid. Petitioner further caused Forms 1099-INT, Interest Income, not to be filed with respondent reporting the actual interest income earned on his personal account and other accounts for each year in issue. On his tax returns for the years in issue, petitioner reported the following amounts of interest income:

| Year | Amount |
|------|--------|
| 1989 | $785.00 |
| 1990 | 35.00 |
| 1991 | 118.14 |
| 1992 | 31.76 |
| 1993 | 65.62 |

Petitioner signed tax returns for each of the years in issue with

knowledge that the income was not properly reported.

Toward the end of the calendar year for each of his 1990, 1991, 1992, and 1993 taxable years, petitioner accessed the computer program utilized by the Bank and created entries for mortgage loan interest payments which did not exist.  Petitioner caused false interest expenses to be reported and false Forms 1098, Mortgage Interest Statement, to be filed with respondent for petitioner's 1990, 1991, 1992, and 1993 taxable years. Petitioner utilized the false reported mortgage interest expense information to claim false deductions on his 1990, 1991, 1992, and 1993 returns in the following amounts:

| Year | Amount |
|------|--------|
| 1990 | $5,645 |
| 1991 | 7,424 |
| 1992 | 7,294 |
| 1993 | 7,149 |

On November 13, 1995, petitioner pleaded guilty to two counts of an Information in Case No. 95-Cr-188 in the United States District Court of the Eastern District of Wisconsin. Count One of the plea agreement charged petitioner with "knowingly and willfully [scheming] to conceal a material fact from agencies of the federal government", in violation of 18 U.S.C. sec. 1001 (1994).  The material fact concealed was the true amount of interest earned by petitioner, Lois Posnanski, and petitioner's mother, Mary Posnanski.  Count One also charged petitioner with falsifying bank records pertaining to loan

interest payments in order to gain a tax deduction. Count Two of the plea agreement charged petitioner with willfully aiding and assisting in the false and fraudulent preparation and presentation of Mary Posnanski's 1993 Federal income tax return, in violation of section 7206(2). Paragraph 7(e) of the plea agreement required petitioner "to pay the Internal Revenue Service those amounts owed for restitution on his personal restitution." An addendum to the plea agreement set forth the following tax liabilities for petitioner and Lois Posnanski:

| Year | Amount |
|------|--------|
| 1989 | $3,749.29 |
| 1990 | 3,592.41 |
| 1991 | 3,194.08 |
| 1992 | 2,600.30 |
| 1993 | 2,007.16 |
| Total | 15,143.24 |

The addendum specifically stated that the tax liabilities were caused solely by petitioner. Petitioner transmitted a check dated February 12, 1996, payable to the Internal Revenue Service in the amount of $15,143.24, which was acknowledged as received by Steven M. Biskupic, the attorney for the United States in petitioner's criminal proceeding.

On February 23, 1996, petitioner entered his guilty plea and was convicted under 18 U.S.C. sec. 1001 for concealing material facts from the Internal Revenue Service and under section 7206(2) for aiding and abetting in the filing of a false Federal income tax return. In addition to prison time and other conditions,

petitioner was sentenced to pay a fine of $30,000. At the arraignment, plea, and sentencing of petitioner, the presiding United States District Court Judge declared the following as one of the conditions of petitioner's criminal sentence:

> You must cooperate with the I.R.S. and submit all delinquent tax returns and pay all back taxes and interest at the direction of the Probation Officer. The Court should note in regard to this condition that in determining the sentence that--the amount of tax penalties, civil penalties, the distressed sale of the bank, all of these are consequences that flow from your action, and are ones that I think are appropriately taken into account by the Court.

On September 8, 1998, respondent issued a notice of deficiency to petitioner for the years 1989, 1990, 1991, 1992, and 1993. The deficiency amounts were higher than in the addendum to the plea agreement because the tax stated as due in the addendum did not include the additional income tax resulting from adjustments to petitioner's 1990, 1991, 1992, and 1993 income tax liabilities for claiming false mortgage interest deductions. Additionally, the notice of deficiency determined a fraud penalty for each of the years in issue. The total deficiency determined by respondent for all 5 years is $24,535, a $9,391.76 difference from the tax liability of $15,143.24 set forth in the addendum to the plea agreement. Petitioner has conceded the amount of the underpayments set forth in the notice of deficiency.

In separate letters dated March 7, 2000, and submitted in

lieu of live testimony in the instant case, Mr. Biskupic and petitioner's attorney in his criminal proceeding, Robert E. Meldman, both stated that they believed that petitioner's civil tax liabilities were not resolved as a result of the criminal proceedings.

OPINION

Petitioner has conceded the amounts of the underpayments set forth in the notice of deficiency. Petitioner appears to argue that the doctrine of collateral estoppel applies to bar respondent from seeking civil tax liabilities against him. Alternatively, petitioner argues that he is not liable for the civil fraud penalty.

Petitioner appears to argue that he is not liable for the underpayments because the plea agreement in his criminal proceeding disposed of his civil tax liabilities for the years in issue. The doctrine of collateral estoppel provides that once an issue of fact or law is "actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979). However, for collateral estoppel to apply, resolution of the disputed issue must have

been essential to the prior decision.  See <u>Meier v. Commissioner</u>, 91 T.C. 273, 282 (1988).

In the instant case, petitioner was found guilty under 18 U.S.C. sec. 1001 for concealing material facts from the Internal Revenue Service and under section 7206(2) for aiding and abetting in the filing of a false Federal income tax return.  Establishing petitioner's specific tax liabilities is not an element of 18 U.S.C. sec. 1001 or section 7206(2) and therefore no specific income tax liabilities needed to be determined in petitioner's prior criminal proceeding.  See <u>M.J. Wood Associates, Inc. v. Commissioner</u>, T.C. Memo. 1998-375; <u>Hickman v. Commissioner</u>, T.C. Memo. 1997-566, affd. 183 F.3d 535 (6th Cir. 1999).  The addendum to the plea agreement set forth specific tax liability amounts for the years in issue.  However, it was not essential to the conviction against petitioner because it was not an element of the crimes petitioner was convicted of.  See <u>Hickman v. Commissioner</u>, <u>supra</u>.  The precise amount of petitioner's tax liability was not specifically litigated or adjudicated in the criminal proceeding.

Petitioner argues that the requirement in paragraph 7(e) of the plea agreement that he pay restitution to the Internal Revenue Service reflects the intention that his civil tax liabilities be included in his criminal proceeding.  However, paragraph 7(e) does not set forth petitioner's precise tax

liabilities, nor does it limit them to the amounts specified in the addendum. Petitioner also argues that his civil tax liabilities were accounted for in the criminal proceeding by the United States District Court Judge's comment that:

> You must cooperate with the I.R.S. and submit all delinquent tax returns and pay all back taxes and interest at the direction of the Probation Officer. The Court should note in regard to this condition that in determining the sentence that--the amount of tax penalties, civil penalties, the distressed sale of the bank, all of these are consequences that flow from your action, and are ones that I think are appropriately taken into account by the Court.

The statement of the presiding judge does not provide that the disposition of the criminal case was meant to discharge all of petitioner's civil tax liabilities. Rather, it provides that petitioner must still account for his civil tax liabilities in addition to the other conditions of his sentence. Additionally, Messrs. Meldman and Biskupic indicate that petitioner's civil tax liabilities were not part of the negotiation of the plea agreement. In viewing the plea agreement, the remarks of the presiding judge, and the entire record, we hold that the disposition of petitioner's criminal case does not bar respondent from determining additional civil tax liabilities against petitioner. Because petitioner has admitted to the amounts of the underpayments in the notice of deficiency, he is liable for those amounts.

The total deficiency determined by respondent for all 5 years is $24,535. Petitioner has paid $15,143.24 toward these tax liabilities. Respondent acknowledges that petitioner paid this amount. Therefore, petitioner is liable for the payment of an additional $9,391.76 in income taxes, plus any penalties which may apply. See, e.g., Hickman v. Commissioner, supra.

Section 6663(a) imposes a penalty for fraud equal to 75 percent of the portion of an underpayment that is attributable to fraud. If any portion of an underpayment is attributable to fraud, then the entire underpayment is treated as due to fraud unless the taxpayer can establish that some portion of the underpayment is not attributable to fraud. See sec. 6663(b).[3]

Respondent bears the burden of proving fraud by clear and convincing evidence. See sec. 7454(a); Rule 142(b); Sadler v. Commissioner, 113 T.C. 99, 102 (1999). To satisfy this burden, respondent must show that: (1) An underpayment exists; and (2) petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. See Parks v. Commissioner, 94 T.C. 654, 660-661 (1990). We have found, and petitioner admits, that he underpaid his taxes for the years in issue in the amounts determined in the notice of deficiency.

---

[3]In the case of a joint return, the fraud penalty does not apply to a spouse unless some portion of the underpayment is due to the fraud of such spouse. See sec. 6663(c).

The existence of fraud is a question of fact to be resolved from the entire record. See DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Fraud may be proven by circumstantial evidence, and reasonable inferences may be drawn from the relevant facts. See Spies v. United States, 317 U.S. 492, 499 (1943); Stephenson v. Commissioner, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). Any conduct, the likely effect of which would be to mislead or to conceal, may establish an affirmative act of evasion. See Spies v.United States, supra at 499; Zell v. Commissioner, 763 F.2d 1139, 1145-1146 (10th Cir. 1985), affg. T.C. Memo. 1984-152. A pattern of consistent underreporting of income, particularly when accompanied by other circumstances exhibiting an intent to conceal, justifies the inference of fraud. See Parks v. Commissioner, supra at 664.

Petitioner understated interest income and claimed false deductions for mortgage interest payments, resulting in the consistent underreporting of income tax liabilities for 5 years. Petitioner intentionally falsified computer records of the Bank and misled respondent with respect to his correct income tax liabilities. Petitioner signed the returns for each year in issue with full knowledge that he was underreporting his taxable income. As a result of his actions, petitioner was criminally convicted for his underreporting activities, and petitioner

admitted in his plea agreement that he "knowingly and willfully [schemed] to conceal" interest income and that he falsified computer records to gain tax deductions.

Petitioner's only argument is that "The specific intent of my inaccurate income tax filings was not to avoid income taxes but to retaliate against congressional self-dealing." Petitioner consistently underreported income and claimed false deductions with full knowledge that his actions were in violation of a legal duty to file correct tax returns. Petitioner's alleged desire to retaliate against what he may have perceived to be congressional wrongs does not change the fact that he intentionally evaded taxes that he knew he owed, by conduct intended to conceal, mislead, and prevent the collection of taxes. See Parks v. Commissioner, supra at 661. Respondent has proven by clear and convincing evidence that petitioner fraudulently underpaid his taxes for the years in issue. Because petitioner has failed to present evidence establishing that any portion of the underpayments is not attributable to fraud, the entire underpayments for the years in issue are subject to the 75-percent penalty.

> Decision will be entered
> under Rule 155.