118 T.C. No. 30


UNITED STATES TAX COURT


RAYMOND B. MAGANA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10306-00L.                    Filed May 31, 2002.


        <u>Held</u>:  Under sec. 6330(c)(4), I.R.C., in this
judicial proceeding involving respondent's proposed
collection activity, petitioner is precluded from
relitigating a statute of limitations issue that was
previously adjudicated in a related District Court
proceeding.  Respondent's motion for summary judgment
with regard thereto is granted.

        <u>Held</u>, <u>further</u>, in our review for an abuse of
discretion under sec. 6330(d)(1), I.R.C., of
respondent's determination, generally we consider only
arguments, issues, and other matter that were raised at
the collection hearing or otherwise brought to the
attention of the Appeals Office.  This case does not
involve an allegation of recent, unusual illness or
hardship, or other special circumstance, that might
cause us to make an exception to the general rule set
forth herein and to consider petitioner's new hardship
argument.

Paul H. Durham, for petitioner.

William F. Castor, for respondent.


OPINION

SWIFT, Judge:  This matter is before us on respondent's motion under Rule 121 for summary judgment.  Petitioner challenges respondent's Appeals Office determination sustaining the filing of Federal tax liens relating to petitioner's $472,532 assessed and unpaid Federal income tax deficiency for 1980.

Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as applicable to the year in issue.

The issues for decision on respondent's motion for summary judgment are whether we, in reviewing respondent's notice of determination under section 6330(d)(1) for an abuse of discretion:  (1) May consider a statute of limitations contention that was asserted by petitioner and adjudicated against petitioner in a prior District Court proceeding; and (2) shall consider a new issue that was not raised by petitioner at his collection hearing with respondent's Appeals Office.

## Background

At the time the petition was filed, petitioner resided in Bartlesville, Oklahoma.

Based on an amended Federal income tax return filed by petitioner for 1980, on April 23, 1984, respondent assessed against petitioner the above $472,532 Federal income tax deficiency.

In November of 1988, petitioner submitted an offer in compromise that was rejected by respondent. In October of 1990, the statute of limitations on collection under section 6502 was amended to provide a 10-year period from the date of assessment for the collection of Federal taxes (extended from 6 years). Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, sec. 11317(a)(1), 104 Stat. 1388-458.

On May 19, 1995, the United States brought an action in the District Court for the Northern District of Oklahoma to reduce to judgment respondent's above $472,532 unpaid Federal income tax assessment against petitioner for 1980. United States v. Magana, No. 95-CV-462-K (N.D. Okla., Jan. 26, 2000). In the above District Court proceeding, petitioner asserted that the period of limitations on collection of petitioner's unpaid tax liability for 1980 had expired as of May 19, 1995, the day on which the above suit was filed by the United States against petitioner.

On or about November 19, 1999, respondent mailed to petitioner copies of Forms 668(Y)(c), Notices of Federal Tax Liens (lien filings), that respondent, on November 19, 1999, had filed in various counties in Oklahoma with respect to petitioner's above unpaid $472,532 tax liability for 1980.

On December 22, 1999, petitioner requested in writing from respondent's Appeals Office a collection hearing under section 6320 seeking release of respondent's lien filings relating to petitioner.

In petitioner's request for a collection hearing, petitioner asserted only that the period of limitations on collection under section 6502 of petitioner's unpaid tax liability for 1980 had expired and therefore that respondent's lien filings with regard thereto were untimely and improper.  Petitioner did not indicate any other basis for his challenge to the appropriateness of respondent's lien filings.  Petitioner did not allege hardship, and petitioner did not offer any alternative to the lien filings.

On January 26, 2000, in United States v. Magana, supra, the District Court granted the United States' motion for summary judgment, and on February 22, 2000, the District Court entered a judgment against petitioner in favor of the United States in the amount of $472,532 with respect to petitioner's unpaid tax liability for 1980.

In its ruling on the United States' motion for summary judgment relating to petitioner's unpaid tax liability for 1980, the District Court concluded that the period of limitations on collection of petitioner's tax liability for 1980 remained open. United States v. Magana, supra.[1]

Petitioner's motion for rehearing was denied in the above District Court case, and petitioner did not appeal the District Court judgment. On June 18, 2000, that judgment became final. Fed. R. App. P. 4(a)(1)(B). In United States v. Magana, supra, petitioner was represented by counsel.

During petitioner's collection hearing with respondent's Appeals Office, petitioner, by way of counsel, again asserted the same statute of limitations contention. Also during the collection hearing, petitioner did not allege hardship, and petitioner did not wish to discuss any alternatives to the lien filings. Respondent's Appeals Office memorandum expressly states in this regard that petitioner's counsel "did not desire a discussion with regard to alternatives" to the lien filings and "Therefore, Appeals is unable to make an alternative determination that is less intrusive" than the lien filings.

---

[1] The District Court's ruling was based on the execution by petitioner of an extension of the period of limitations on collection, on an offer in compromise submitted by petitioner to respondent, and on the referred-to statutory extension of the period of limitations on collection from 6 years to 10 years.

On August 31, 2000, respondent's Appeals Office mailed to petitioner a notice of determination in which respondent's lien filings were sustained. In the above notice of determination, with regard to the statute of limitations contention asserted by petitioner, respondent's Appeals Office concluded that the period of limitations on collection had not expired. Also in the notice of determination, respondent's Appeals Office concluded that, because petitioner did not wish to discuss any collection alternatives and because petitioner did not raise any concerns regarding collection other than the statute of limitations, the lien filings balanced the need for efficient collection of taxes with the legitimate concerns of petitioner that the lien filings be no more intrusive than necessary.

On September 29, 2000, petitioner timely filed a petition herein for our review of the above notice of determination. In his petition, petitioner reiterated his claim that the period of limitations on collection had expired with respect to his tax liability for 1980 and therefore that respondent's lien filings were untimely and improper. The basis for petitioner's statute of limitations contention was that he allegedly had not executed an extension of the period of limitations on the collection of petitioner's unpaid tax liability for 1980.

Also in his petition, petitioner, for the first time, raised hardship as an objection to respondent's lien filings (namely,

petitioner's physical illness and the resulting cloud on title to petitioner's residence, petitioner's only significant asset). Petitioner makes no other argument with regard to the propriety of respondent's notice of determination.

On February 13, 2002, at the hearing before us on respondent's motion for summary judgment, petitioner's counsel acknowledged that petitioner's ill health was not recent but had extended back over 20 years. Further, at that hearing, in response to a question from the Court as to why hardship had not been raised at petitioner's collection hearing or otherwise brought to the attention of respondent's Appeals Office, petitioner's counsel acknowledged that he had had an opportunity at the collection hearing to raise hardship but that he had chosen not to do so.

## Discussion

### Statute of Limitations

Respondent argues that under section 6330(c)(4) and under the principle of collateral estoppel petitioner is precluded in this case from asserting that no effective extension to extend the period of limitations on collection of petitioner's unpaid tax liability for 1980 was executed by petitioner. We agree with respondent.

Section 6330(c)(4) expressly provides that taxpayers, at collection hearings before respondent's Appeals Office, may not

raise issues that were previously raised by taxpayers and considered in any other administrative or judicial proceeding in which the taxpayers meaningfully participated. See secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs. These statutory and regulatory prohibitions are directly applicable to the statute of limitations contention that petitioner previously litigated in United States v. Magana, No. 95-CV-462-K (N.D. Okla., Jan. 26, 2000), that he sought to raise at his collection hearing, and that he now asks this Court to consider.[2]

Petitioner is precluded from raising the statute of limitations contention.

New Issue

As indicated, petitioner for the first time in his petition raised hardship as an objection to respondent's lien filings.

In respondent's motion for summary judgment, respondent asserts that, under the abuse of discretion standard that applies to our review of respondent's lien filings, petitioner's new ground for opposing respondent's lien filings (namely, hardship) is not properly before this Court.

---

[2]    Also, based on collateral estoppel, petitioner would be precluded from relitigating in this Court the statute of limitations contention that was adjudicated in the District Court proceeding. See Graham v. Commissioner, 76 T.C. 853, 856-857 (1981); see also Gass v. United States, 4 Fed. Appx. 565, 568 (10th Cir. 2001) (applying collateral estoppel to bar the taxpayers' claims previously litigated in the Tax Court).

Under section 6330(d)(1), respondent's notices of determination generally are to be reviewed only for an abuse of discretion.  Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001); Davis v. Commissioner, 115 T.C. 35, 39 (2000); Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000) (citing H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 755, 1020); MRCA Info. Servs. v. United States, 145 F. Supp. 2d 194, 198 (D. Conn. 2000).

Under that standard of review, generally it would be anomalous and improper for us to conclude that respondent's Appeals Office abused its discretion under section 6330(c)(3) in failing to grant relief, or in failing to consider arguments, issues, or other matter not raised by taxpayers or not otherwise brought to the attention of respondent's Appeals Office.  McCoy Enters., Inc. v. Commissioner, 58 F.3d 557, 563 (10th Cir. 1995) ("The Tax Court * * * cannot find an abuse of discretion where there is no evidence that the Commissioner exercised any discretion at all"), affg. T.C. Memo. 1992-693; Estate of Chimblo v. Commissioner, T.C. Memo. 1997-535, affd. 177 F.3d 119 (2d Cir. 1999); see also secs. 301.6320-1(f)(2), Q&A-F5, 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.

Accordingly, in our review for an abuse of discretion under section 6330(d)(1) of respondent's determination, generally we

consider only arguments, issues, and other matter that were raised at the collection hearing or otherwise brought to the attention of the Appeals Office.

In this case, because petitioner's alleged longstanding illness and hardship were not raised as an issue and were not otherwise brought to respondent's attention in connection with petitioner's collection hearing with respondent's Appeals Office, petitioner may not now raise hardship for the first time before this Court. Petitioner herein has not established any credible basis for us to make an exception to the above general rule. See The Inner Office, Inc. v. United States, No. 3:00-CV-2576-L, 2001 U.S. Dist. LEXIS 20617, at *5-6 (Magis. N.D. Tex., Dec. 11, 2001) ("In seeking * * * [judicial] review of a Notice of Determination, the taxpayer can only ask the court to consider an issue that was raised in the taxpayer's * * * [collection] hearing."), adopted on this issue 89 AFTR 2d 2002-1311 (N.D. Tex. 2002); see also Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000) ("we would not consider * * * [taxpayer's] alternative request * * * because the record does not establish that he raised that issue at his Appeals Office hearing"), affd. per curiam 21 Fed. Appx. 160 (4th Cir. 2001); Sego v. Commissioner, supra at 612 ("Matters raised after a hearing do not reflect on whether the determinations that are the basis of this petition were an abuse of discretion.").

This case does not involve an allegation of recent, unusual illness or hardship, or other special circumstance, that might cause us to make an exception to the general rule set forth herein and to consider petitioner's new hardship argument. Further, under section 6334(a)(13) and (e), respondent may not levy upon petitioner's principal residence without approval of a Federal District Court.[3]

For the reasons stated, we shall grant respondent's motion for summary judgment.

<u>An appropriate order and</u>
<u>decision will be entered</u>.

---

[3] Also, we note that this case does not involve a claim under sec. 6015 for relief from joint and several liability, and the general rule set forth herein is not intended to control the issue of whether such a claim under sec. 6015 may be raised in a collection proceeding under sec. 6330(d)(1) for the first time in this Court. We leave that question for another day.