T.C. Memo. 2007-335

UNITED STATES TAX COURT

ROBIN T. HARDIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9713-06L.                    Filed November 7, 2007.

Robin T. Hardie, pro se.

<u>Karen A. Rennie</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  This case is before the Court to review a
determination (the determination) by respondent's Appeals Office
(Appeals) to proceed with the collection by levy of petitioner's

Federal income tax liability for 1999.  We review the determination pursuant to section 6330(d)(1).[1]

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and as applicable to this case, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted for decision without trial pursuant to Rule 122.  Facts stipulated by the parties are so found.  The stipulation of facts filed by the parties, with attached exhibits (the stipulation of facts), is included herein by this reference.

In their joint motion asking leave to submit this case under Rule 122, the parties agreed that the case may be submitted on the basis of the pleadings and the stipulated facts.

By the petition, petitioner assigns error to the determination as follows:  "I believe the determination is incorrect and have already provided written evidence including from third parties which contradicts key factual statements in the IRS's determination.  This evidence has been ignored by the IRS."  Attached to the petition is a copy of a two-page document entitled "Notice of Determination Concerning Collection Action(s)

---

[1] While petitioner checked the box on the petition indicating that he is seeking a redetermination of a deficiency, clearly this action concerns a collection action, and we shall treat it as such.

Under Section 6320 and/or 6330". In pertinent part, the document states:

> We have determined that the Notice of Intent to Levy issued on the period listed above [1999] is valid and appropriate. All legal and procedural requirements were met in its issuance. The information you provided concerning the check the Service shows was returned for insufficient funds was not adequate to prove that a valid payment was ever received. You raised no other issues, and did not request a collection alternative.

By the answer, respondent denies petitioner's assignment of error.

The facts stipulated by the parties are set forth in four numbered paragraphs in the stipulation of facts. The first paragraph states petitioner's address in London, England, at the time the petition was filed. The second paragraph states his Social Security number. The third paragraph states the date on which the determination was issued, that it relates to petitioner's 1999 taxable year, and that a copy of it is attached. The fourth paragraph states that a literal transcript of account (the transcript of account) for petitioner's 1999 taxable year is attached. The copy of the determination attached to the stipulation of facts is identical to the document attached to the petition. The transcript of account is dated April 13, 2007. It shows an account balance of $360,929.37 and has sequential entries showing a payment in the amount of $106,888 and a dishonored check in the same amount. The parties have

stipulated that the attachments to the stipulation of facts are authentic.

On brief, petitioner raises two issues.  First, although he concedes that it "appears" that he did not pay $106,888 for 1999, and, therefore, he "[owes] the IRS this amount together with accrued penalties and interest", he does not accept that his check was returned for insufficient funds.  Second, he states that he does not agree with respondent's computation of his liability (presumably $360,929.37, as of April 14, 2007) (the computational issue).

In his answering brief, respondent argues that petitioner has failed to present sufficient evidence to show that Appeals abused its discretion in making the determination.  Respondent claims that no evidence supports petitioner's claim that the check he submitted to pay his income tax liability was not returned for insufficient funds.  Respondent further claims that petitioner may not raise the computational issue because he did not raise it with Appeals during his section 6330 hearing.

## Discussion

Petitioner bears the burden of proof.  See Rule 142(a).  The transcript of account shows a dishonored check in the amount of $106,888, and there is no evidence contradicting the inference to be drawn from that entry that the check was returned for insufficient funds.  We cannot conclude that Appeals wrongfully

concluded that the check was returned for insufficient funds. Moreover, there is no evidence that petitioner raised the computational issue during the section 6330 hearing. We agree with respondent that, for failure to raise the computational issue during the section 6330 hearing, petitioner is precluded from raising it with us. See Giamelli v. Commissioner, 129 T.C. __, __ (2007) (slip op. at 15) ("we do not have authority to consider section 6330(c)(2) issues that were not raised before the Appeals Office"); Magana v. Commissioner, 118 T.C. 488, 493 (2002) ("in our review for an abuse of discretion under section 6330(d)(1) * * * generally we consider only arguments, issues, and other matter that were raised at the collection hearing"); sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs. (2002).

Petitioner has failed to prove that Appeals erred in making the determination.

To reflect the foregoing,

Decision will be entered

for respondent.