T.C. Memo. 2009-46

UNITED STATES TAX COURT

TOMI M. PETERSON AND MARILYNN J. PETERSON, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4521-07L.                    Filed February 25, 2009.

Tomi M. Peterson and Marilynn J. Peterson, pro sese.

<u>Trent D. Usitalo</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  In this collection case under section 6330, petitioners challenge respondent's proposed levy relating to petitioners' outstanding individual Federal income taxes for 1999, 2001, and 2002 in the approximate total amount of $70,000. Also pending is respondent's motion for partial summary judgment.

The primary issue for decision is whether respondent abused his discretion in sustaining respondent's proposed levy.

Unless otherwise indicated, all section references are to the Internal Revenue Code.

FINDINGS OF FACT

The authenticity of many exhibits has been stipulated, but no narrative facts have been stipulated. Petitioners resided in Michigan at the time of filing their petition.

Petitioners have experienced a string of difficulties--losses of jobs, home, and water in a building they were occupying; deaths in their family; illnesses; and tax problems. Petitioners' efforts to represent themselves have been persistent but often counterproductive. Our jurisdiction and ability to provide relief to petitioners are limited.

On audit for 1999, 2001, and 2002, respondent made mathematical adjustments to petitioners' 1999 and 2002 Federal income taxes, and respondent assessed the additional income taxes relating thereto without issuing to petitioners a notice of deficiency. Petitioners do not challenge respondent's mathematical adjustments for 1999 and 2002.

Respondent made a number of income adjustments relating to petitioners' 2001 Federal income tax, and on September 29, 2003, respondent mailed to petitioners a notice of deficiency relating thereto. Petitioners acknowledge receipt of this notice of

deficiency. Petitioners did not file a petition to challenge respondent's deficiency determination against them for 2001, and respondent assessed the deficiency.

On January 9, 2006, respondent mailed to petitioners a final notice of intent to levy relating to their outstanding 1999, 2001, and 2002 Federal income taxes, penalties, additions to tax, and interest. On January 24, 2006, petitioners appealed respondent's levy notice and requested a collection hearing with respondent's Appeals Office.

During the collection Appeals Office hearing that was held on November 2, 2006, petitioners submitted to respondent an offer-in-compromise (OIC) under which petitioners proposed to pay a total of $20,000. With the OIC petitioners tendered to respondent a $4,000 check as earnest money and a $150 check for the OIC application fee.

Respondent's Appeals officer determined that although petitioners' monthly cash income was minimal, because petitioners owned two parcels of real property with an estimated value of approximately $80,000, the reasonable collection potential from petitioners was approximately $68,000. Accordingly, respondent's Appeals Office rejected petitioners' OIC.

At the Appeals Office hearing respondent's Appeals officer noted petitioners' illnesses and agreed to consider a revised OIC on the basis of special circumstances and effective tax

administration if petitioners would submit a revised OIC with documentation verifying the seriousness of their illnesses (e.g., statements from doctors). Petitioners did not submit any further information or documentation about their illnesses within the time period specified by respondent.

Also at the Appeals Office hearing, petitioners suggested their monthly Social Security retirement and disability payments as a possible source of tax payments. Respondent's Appeals officer discouraged petitioners from basing a revised OIC on monthly Social Security payments because it appeared that petitioners needed all of their Social Security payments just to meet basic living expenses.

During the Appeals Office hearing, although petitioners complained about the penalties, additions to tax, and interest that had accrued against them for the years 1999, 2001, and 2002, petitioners never raised a specific claim for abatement under section 6404 of penalties, additions to tax, or interest.

On January 23, 2007, respondent issued to petitioners a notice of determination sustaining the proposed levy. In spite of the fact that respondent's proposed levy was sustained, because of petitioners' illnesses and because respondent's Appeals Office determined that immediate levy action against petitioners' monthly minimal income likely would cause petitioners undue hardship, respondent's Appeals Office

determined to suspend any collection action against petitioners for 1 year (until January 23, 2008) to give petitioners time to submit to respondent a revised OIC or to sell their real property.

From January 23, 2007, until January 23, 2008, respondent suspended any levy action against petitioners and placed petitioners' outstanding 1999, 2001, and 2002 Federal income taxes in uncollectible status.

Disagreeing with respondent's rejection of their OIC, on February 26, 2007, petitioners timely filed their petition in this case.

The May 20, 2008, evidentiary hearing constituted both a hearing on respondent's motion for partial summary judgment and a trial of the issues raised.

On November 10, 2008, petitioners filed with the Court a motion to reopen the evidentiary record and to open up discovery. Petitioners' motion will be denied.

OPINION

Petitioners do not contest the amount of their 1999, 2001, and 2002 Federal income taxes as determined by respondent. In collection cases under section 6330(d) where the underlying tax adjustments are not in dispute, we review respondent's administrative determinations for an abuse of discretion. Goza v. Commissioner, 114 T.C. 176 (2000).

Respondent's determination of petitioners' approximate $68,000 collection potential has not been meaningfully challenged by petitioners. No appraisal of petitioners' real property has been offered into evidence. No credible evidence disputes the amount respondent used for the valuation of petitioners' real property.

At trial petitioners stated that "if we find an abuse of discretion" an abatement under section 6404 of the penalties, additions to tax, and interest determined by respondent should be granted.

At their collection Appeals Office hearing, however, petitioners did not affirmatively raise as an issue their entitlement under section 6404 to abatement of penalties, additions to tax, and interest, and petitioners therefore, among other reasons, are precluded from seeking section 6404 abatement relief. See Giamelli v. Commissioner, 129 T.C. 107 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).

In sustaining respondent's notice of levy but in deferring any levy for 1 year, respondent's Appeals Office exercised exemplary discretion and restraint. Unfortunately, instead of taking advantage of respondent's restraint--obtaining documentation of their illnesses and revising their OIC-- petitioners filed the instant lawsuit.

Petitioners complain that some of respondent's OIC instructions were not clear and did not correctly explain changes to respondent's OIC program under which in some circumstances amounts due under OICs could be paid in installments. Petitioners assert that with better instructions they would have formally revised their OIC.

We reiterate that even after respondent's adverse notice of determination was issued, respondent's levy was suspended for 1 year to allow petitioners time to submit a revised OIC. Again at trial petitioners were given an opportunity to revise their OIC. In view of the additional time and opportunities petitioners were given, petitioners' complaints about respondent's confusing OIC informational material are not credible.

We sustain respondent's levy notice.

In view of our holding, respondent's motion for partial summary judgment is moot and will be denied.

<u>An appropriate order and decision will be entered</u>.