T.C. Memo. 2019-137

UNITED STATES TAX COURT

CHARLES J. SCHUMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26921-16L.                    Filed October 15, 2019.

Charles J. Schuman, pro se.

<u>Frederic J. Fernandez</u> and Samuel T. Kuzniewski (student), for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  This case was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section(s) 6320 and/or

6330 (notice of determination) that sustained a Final Notice of Intent to Levy and

Notice of Your Right to a Hearing (notice of intent to levy) with respect to

petitioner's unpaid Federal income tax liabilities for years 2011 and 2012 (years at

[*2] issue).[1]  Pursuant to section 6330(d)(1) petitioner timely filed a petition seeking review of respondent's determination to sustain the proposed levy.  The issue for decision is whether respondent's Office of Appeals (Appeals Office) properly sustained the notice of intent to levy.

FINDINGS OF FACT

Some facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Wisconsin when the petition was filed.

Petitioner untimely filed Federal income tax returns for the years at issue and failed to pay the balances owed.  On May 30, 2016, respondent mailed petitioner a notice of intent to levy with respect to petitioner's tax liabilities for the years at issue.  The notice of intent to levy listed deficiencies, penalties, and interest owed for the years at issue totaling $8,927.

On June 12, 2016, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP).[2]  Petitioner stated as a

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

[2]On petitioner's CDP request he incorrectly listed the tax years shown on the notice of intent to levy as 2007 through 2012.  Additionally, petitioner

(continued...)

**[*3]** reason for the request that respondent's "billing summary" is incorrect. In support of this assertion petitioner directed the Appeals Office's attention to "over 50 documents" he allegedly filed with respondent.[3] Petitioner failed to explain how he determined that respondent's billing summary was inaccurate or how the 50 documents he claimed to file demonstrated inaccuracies in respondent's billing summary. Petitioner also stated that a refund notice concerning tax year 2009 is incorrect. He failed to explain the relevance of the 2009 refund notice to his tax liabilities for the years at issue. Additionally, petitioner requested collection alternatives and specifically checked the box marked "Offer in Compromise". Petitioner also requested innocent spouse relief but failed to submit Form 8857, Request for Innocent Spouse Relief, with the CDP request as instructed.

---

[2](...continued)
incorrectly stated that his basis for making the CDP request was his receipt of a notice of Federal tax lien (NFTL) filing and the notice of intent to levy. No NFTL was filed against petitioner for the years at issue. Additionally, neither an NFTL nor a notice of intent to levy was issued to petitioner for tax years 2007 through 2010. As a result the settlement officer (SO) determined petitioner was not entitled to a CDP hearing on those issues.

[3]In his CDP request petitioner referred to a petition he filed on June 6, 2016, seeking relief for tax years 2007 through 2010. The Court dismissed that case in an order on the ground that no notice of determination had been issued to petitioner for tax years 2007 through 2010 that would permit petitioner to invoke the Court's jurisdiction. Schuman v. Commissioner, T.C. Dkt. No. 13166-16 (Oct. 6, 2016).

**[*4]** Petitioner's CDP request was assigned to an SO with no prior involvement with the liabilities at issue. On August 24, 2016, the SO sent petitioner a letter scheduling a telephone CDP hearing for September 27, 2016. The letter also proposed a streamlined installment agreement under which petitioner would pay $142 per month until the tax owed is paid. For purposes of discussing collection alternatives the SO requested that petitioner submit Form 656, Offer in Compromise, or Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, or both, with required attachments before the hearing. The SO also instructed petitioner that, if he wished to dispute the underlying liabilities to the extent reported on his tax returns, he must submit for consideration Forms 1040X, Amended U.S. Individual Income Tax Return (amended returns). Since petitioner requested innocent spouse relief, the SO requested that petitioner submit Form 8857 before the hearing. Petitioner never submitted Form 656, Form 433-A, amended returns, or a request for innocent spouse relief as directed by the SO.

In response to the SO's letter dated August 24, 2016, petitioner sent a letter dated September 8, 2016, which confirmed his intention to participate in the telephone CDP hearing scheduled for September 27, 2016. Petitioner attached documentation to the letter that attempted to substantiate the issues addressed in

[*5] his CDP request. One such attachment was a spreadsheet he had created, outlining payments he allegedly made toward tax years ended December 31, 2009 through 2016.[4] Petitioner failed to explain how the figures in the spreadsheet challenged the balances owed for the years at issue. Before the CDP hearing the SO reviewed the documentation submitted with petitioner's letter and determined that none of it pertained to the balances owed for the years at issue.

On September 27, 2016, during the telephone CDP hearing petitioner reasserted that respondent failed to properly apply payments that he claimed he had made toward the balances for the years at issue. Petitioner did not designate how he wanted respondent to apply the alleged misapplied payments.

During the CDP hearing the SO reviewed with petitioner his account transcripts for tax years 2007 through 2012, which confirmed that there were no missing or misapplied payments affecting the years at issue. The SO verified that petitioner's underpayments of tax resulted from insufficient Federal withholding or from his failure to make necessary estimated tax payments on his earned income reported on his tax returns or both. The SO also partially abated a failure to pay

---

[4]At trial petitioner testified that he compared the figures in his spreadsheet against respondent's account transcripts and concluded that the amounts reported as owed for the years at issue were inaccurate. But petitioner could not support his assertion that payments allegedly made toward the years at issue were improperly applied.

**[\*6]** penalty of $223 for 2009 because petitioner qualified for "First Time Penalty" abatement. Petitioner orally agreed to the streamlined installment agreement proposed by the SO in letter sent August 24, 2016.

The SO also noted that no statutory notice of deficiency was issued for the years at issue and instructed petitioner to submit amended returns if he wished to challenge the amounts of tax owed. The SO further instructed petitioner, if he wanted innocent spouse relief, to submit Form 8857. Petitioner failed to submit either the amended returns or Form 8857.

On September 27, 2016, the SO sent petitioner a letter enclosing Form 433-D, Installment Agreement, and Form 12257, Summary Notice of Determination, Waiver of Right to Judicial Review of a Collection Due Process Determination, Waiver of Suspension of Levy Action, and Waiver of Periods of Limitation in Section 6330(e)(1). The SO instructed petitioner to review, sign, and return these forms by October 18, 2016. Petitioner did not return either form despite having orally agreed to the proposed installment agreement during the CDP hearing.

On October 14, 2016, petitioner mailed a letter to the Appeals Office in which he stated his belief that there are inconsistencies regarding his tax liabilities and that he intended to request a hearing before this Court. On November 21,

**[*7]** 2016, the Appeals Office issued the notice of determination sustaining the notice of intent to levy.

On December 16, 2016, petitioner timely filed a petition with this Court alleging that respondent determined incorrect amounts owed for tax years 2010, 2011, and 2012.[5]

On November 6, 2018, respondent filed a motion for summary judgment. On March 25, 2019, this case was called from the calendar at the Court's Milwaukee, Wisconsin, trial session. The parties appeared and were heard. As a result of the trial respondent's motion for summary judgment was denied.

---

[5]Petitioner did not receive a notice of intent to levy for tax year 2010 and was not entitled to a CDP hearing on issues stemming from that year. Additionally, the petition states that the SO found several errors made by respondent, specifically referencing a 2009 check for $243. This is a reference to the check for a refund and related abatement of a "Failure to Pay" penalty issued for tax year 2009 and does affect the tax owed for the years at issue. The petition also refers to a $1,200 refund check related to tax year 2007, which is also inapplicable to the years at issue. The petition also asserted that an $800 credit from tax year 2009 was not properly applied, that a $400 credit was not properly applied to the correct month and year, and that a $300 credit was not properly applied to the correct month and year. These credits are irrelevant to the liabilities for the years at issue and were appropriately applied to the correct tax years.

**[*8]**                                     OPINION

I.      Standard of Review

Section 6330 requires the Commissioner to notify a taxpayer if he intends to

levy on that taxpayer's property.  The notice must inform the taxpayer of his or her

right to a CDP hearing regarding the proposed collection action.  Sec. 6330(a).  In

a CDP hearing taxpayers may raise any relevant issue, such as a request for

consideration of a collection alternative.  Sec. 6330(c)(2)(A).  A determination to

sustain a proposed levy may be reviewed by this Court.  Sec. 6330(d)(1); see

Rules 330-334.  In general, upon review of a notice of determination sustaining a

proposed levy, the Court will limit its review to those issues properly raised during

the administrative hearing.  Giamelli v. Commissioner, 129 T.C. 107, 114-115

(2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).

Where the underlying tax liability is properly at issue in a CDP proceeding,

we review that issue de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).

To the extent that the underlying tax liability is not at issue, this Court reviews the

determination of the Appeals Office for abuse of discretion.[6]  Id.  Abuse of

---

[6]Although petitioner's argument ostensibly challenged the validity of the
underlying tax liabilities, his argument failed to communicate a proper challenge
to the merits of the liabilities.  Petitioner did not dispute the validity of the
underlying liabilities.  Instead, he asserted that respondent's failure to properly
                                                            (continued...)

**[*9]** discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

## II.    Analysis

Petitioner challenged the amount of tax owed during the CDP hearing on the grounds that he believed respondent had failed to account for and misapplied certain payments. Although petitioner provided a spreadsheet attempting to outline the alleged misapplied payments, the SO determined that this and other documentation provided by petitioner was not pertinent to the years at issue. The SO accounted for all payments and refunds for the years at issue. The SO also guided petitioner through his account transcripts for years 2007 through 2010 during the CDP hearing in order to explain that there were no misapplied payments. We find that petitioner has not adduced any evidence that these transcripts are incorrect.

---

[6](...continued)
apply certain payments resulted in incorrect amounts of tax due and owing. Taxpayers are required to provide all relevant information requested by the Appeals Office. Sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Petitioner failed to submit amended returns as instructed by the SO or otherwise present evidence credibly calling into question the underlying liabilities after being given reasonable opportunity to present such evidence. Thus, petitioner did not raise a proper challenge to the underlying liabilities. See Giamelli v. Commissioner, 129 T.C. 107, 113 (2007); sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

**[\*10]** Although petitioner claims that there were missing and misapplied payments that would lower the balances for the years at issue, petitioner failed to designate how he wanted any of these alleged payments to be applied. Without such designation, the Internal Revenue Service may apply payments in the Government's best interests and in this case would be free to apply payments to the earliest years with balances due. See United States v. Schroeder, 900 F.2d 1144, 1149 (7th Cir. 1990); see also Buffalow v. United States, 109 F.3d 570, 574 (9th Cir. 1997).

In deciding whether there was an abuse of discretion in the sustaining of a notice of intent to levy, we review the record to determine whether the SO (1) properly verified that the requirements of applicable law and administrative procedure have been met, (2) considered issues raised by the taxpayer, and (3) considered whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See sec. 6330(c)(1), (2), and (3).

**[*11]** Our review of the record establishes that the SO verified that the requirements of applicable law and administrative procedure had been met.[7] Further, we find that the SO balanced the need for efficient collection of taxes with the legitimate concern of petitioner that any collection action be no more intrusive than necessary.[8]

The SO took into consideration all issues petitioner raised. Petitioner raised innocent spouse relief in his request for a CDP hearing but failed to submit Form 8857 or provide the SO with any other information supporting a basis for innocent spouse relief. An issue is not properly raised if the taxpayer fails to present the Appeals Office with any evidence with respect to that issue after being

---

[7]The CDP hearing was conducted by an officer or employee who had no prior involvement, per sec. 6330(b)(3). The SO reviewed all of petitioner's tax account transcripts before the CDP hearing and discussed petitioner's account transcripts with him during the CDP hearing. See May v. Commissioner, T.C. Memo. 2014-194; Med. Practice Sols., LLC v. Commissioner, T.C. Memo. 2010-98. The SO verified the proper and timely assessment of the liabilities as required by sec. 6303(a). The SO further verified that petitioner was given the required notice of intent to levy per sec. 6330(a).

[8]In his CDP request petitioner indicated that he wanted to submit an offer-in-compromise, but he failed to submit Form 656 or supporting financial information as instructed by the SO. During the hearing petitioner agreed to a proposed streamlined installment agreement of $143 per month. The Appeals Office subsequently mailed petitioner Form 433-D and Form 12257, but petitioner did not return the signed forms as requested. Petitioner did not request any other collection alternatives.

**[\*12]** given reasonable opportunity to present such evidence.  <u>See</u> sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  In addition, petitioner has not pursued innocent spouse relief in this proceeding.  Thus, innocent spouse relief is not at issue in this case.

In the light of our findings above, we sustain the notice of determination. We have considered all the other arguments of the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.