T.C. Memo. 2004-72


UNITED STATES TAX COURT



EARLY ROBERTSON, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10113-02L.            Filed March 18, 2004.


        In a collection proceeding, R issued a notice of
determination with respect to P's 1995 through 1999
taxable years.  After P petitioned this Court for
review, R filed a motion for summary judgment.

        <u>Held</u>:  R's motion for summary judgment will be
granted as to 1995 and 1996.  P received a notice of
deficiency for those years and has not raised any
material issues regarding an abuse of discretion by R.

        <u>Held</u>, <u>further</u>, R's motion for summary judgment
will be denied as to 1997.  P is entitled to challenge
his self-reported liabilities for that year and has
raised a question of material fact with respect
thereto.

        <u>Held</u>, <u>further</u>, R's motion for summary judgment
will be granted as to 1998 and 1999.  P has not raised
any material issues of fact with respect to his
underlying liabilities for those years or with respect
to any abuse of discretion by R.

Early Robertson, Jr., pro se.

Marshall R. Jones and Robert W. West, for respondent.

## MEMORANDUM OPINION

WHERRY, Judge:  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. The instant proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Actions(s) Under Section 6330 of the Internal Revenue Code.[1]  The issue for decision is whether respondent may proceed with collection action as so determined.

### Background

On May 29, 1998, respondent issued to petitioner a notice of deficiency for the 1995 and 1996 taxable years.  The notice reflected deficiencies of $2,911 and $3,013 in petitioner's income taxes for 1995 and 1996, respectively.  Petitioner did not file a petition with the Court contesting this deficiency notice.

Thereafter, on October 17, 2000, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to unpaid tax liabilities

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

for years 1995 through 1999.  The total amount due for the 5 years was shown as $14,133.01.  On November 15, 2000, respondent received from petitioner a timely Form 12153, Request for a Collection Due Process Hearing.

A hearing was conducted by telephone on May 3, 2002. Following the hearing, on May 8, 2002, respondent issued to petitioner the Notice of Determination Concerning Collection Action(s) Under Section 6330 sustaining the proposed levy.  The notice summarized the determination as follows:

> We have determined that the proposed levy is appropriate.  We considered the liability issues you raised for tax years 1997, 1998 and 1999 and determined that the liability should not be decreased.  We did not consider the liability issues you raised for tax years 1995 and 1996 because you received the statutory notice of deficiency for those years.

An attachment to the notice then expanded on the foregoing summary, under the heading "Relevant Issues Presented by the Taxpayer":

> You have raised a liability issue regarding a dependency exemption, head of household filing status, and the earned income credit.  These liability issues **for years 1995 and 1996** could not be discussed at the hearing because you received the statutory notice of deficiency.  You failed to invoke the jurisdiction of the U.S. Tax Court and the tax for 1995 and 1996 was properly assessed. * * *

> We did consider the liability issues you raised **for tax years 1997-1999** as part of the Collection Due Process Hearing.  However, you failed to provide any documentation to show that you were entitled to claim a dependent, head of household filing status and the

earned income credit.  Therefore, your liabilities for these years were not decreased.

No other issues were raised at the hearing.

On June 12, 2002, the Court filed as an imperfect petition a document received from petitioner.  Therein petitioner stated his desire to file a petition "for the tax period of 1995 to 1999 because my dependent was not on the tax form."  Petitioner at that time resided in Andalusia, Alabama.  Subsequently, on August 20, 2002, petitioner filed an amended petition expressing disagreement for the years "1993 to 1997" on the following grounds:  "I did not file proper information during these years. I have enclosed information that should correct the filing procedure for those years."

Attached to the petition was a certified copy of an order dated December 8, 1993, from the Circuit Court of Covington County, Alabama.[2]  The order recited that "the child Tangie L. Robertson, born August 7, 1976, has been living with the father since August 1993" and, on the basis of that change of circumstances, granted petitioner custody of the child and modified petitioner's child support obligations.  These obligations continued to require monthly payments for two other children.

---

[2] This Court takes judicial notice of the Dec. 8, 1993, order.  See Fed. R. Evid. 201; Estate of Reis v. Commissioner, 87 T.C. 1016, 1027 (1986).

Respondent answered the amended petition and thereafter, on September 24, 2003, filed the subject motion for summary judgment. A hearing was held on October 20, 2003, and the motion was taken under advisement.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Id. However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

I.  General Rules--Collection Actions

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment.  Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations.  Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals.  Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the

requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a District Court.  In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative

determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

## II. Contentions of the Parties

Although less than entirely clear, petitioner's petition and amended petition appear to contest respondent's collection determination on the basis of a challenge to his underlying liabilities for some or all of the years from 1993 to 1999. The pleadings filed suggest that petitioner believes he is entitled to an additional dependent exemption deduction and head of household filing status. Conversely, neither of these documents seems to raise issues related to spousal defenses, collection alternatives, or other challenges to the appropriateness of the collection action. At the hearing on respondent's motion, petitioner did raise an installment agreement and 22 $65 payments thereon, totaling $1,430, all of which were applied to his 1995 tax year.

Respondent's motion seeks summary judgment with respect to the 1995 to 1999 period covered in the notice of determination. As pertains to that period, the motion is premised on two principal considerations, each of which addresses petitioner's attempts to dispute his underlying tax liabilities. First, respondent maintains that because petitioner received a notice of deficiency for 1995 and 1996, he is precluded from challenging his underlying liabilities as to those years. Second, it is respondent's position that petitioner may not challenge his

underlying liabilities for 1997, 1998, and 1999 because the assessments for those years correspond to amounts self-reported by petitioner on his respective returns.

III.  Analysis

A.  1995 and 1996--Challenges to Underlying Liability

As previously indicated, section 6330(c)(2)(B) precludes challenges to the underlying tax liability where the taxpayer received a statutory notice of deficiency.  Respondent issued to petitioner on May 29, 1998, a notice of deficiency with respect to 1995 and 1996.  Nothing in respondent's records indicates that petitioner did not receive the notice.  Additionally, while petitioner testified at the hearing on respondent's motion that he did not remember anything about the notice of deficiency "off the top of * * * [his] head", he at no time claimed that he failed to receive the notice.  He also confirmed that the address shown on the notice was correct and remains his current location.

We conclude that petitioner received the statutory notice for 1995 and 1996 and, as result, is precluded from challenging his underlying tax liabilities for those years in this action.  A remedy, provided the statute of limitations remains open, is to pay the liabilities and file a refund claim and, if necessary, a refund suit.

B.  1997, 1998, and 1999--Challenges to Underlying Liability

As set forth above, section 6330(c)(2)(B) permits challenges to underlying liability where the taxpayer did not receive a

notice of deficiency or otherwise have an opportunity to dispute the tax liability.  With respect to the 1997 through 1999 years, respondent concedes that petitioner was not issued a notice of deficiency.  However, respondent contends that the "otherwise have an opportunity to dispute" language of section 6330(c)(2)(B) should not be interpreted to permit taxpayers to challenge self-reported liabilities in conjunction with collection proceedings.

Subsequent to the hearing in the instant matter, the Court issued its Opinion in Montgomery v. Commissioner, 122 T.C. ___ (2004).  The taxpayers in that case claimed that they had erred in computing the tax shown on their original return.  Id. at ___ (slip op. at 14).  In denying a motion for summary judgment filed by the Commissioner, we held that

> section 6330(c)(2)(B) permits petitioners to challenge
> the existence or amount of the tax liability reported
> on their original income tax return because they have
> not received a notice of deficiency for 2000 and they
> have not otherwise had an opportunity to dispute the
> tax liability in question. * * * [Id.]

Consistent with Montgomery v. Commissioner, supra, we conclude here that petitioner is not precluded by section 6330(c)(2)(B) from challenging his underlying liability with respect to the 1997 through 1999 years.

In opposing respondent's motion for summary judgment, petitioner testified at the hearing as follows:

> THE COURT:  All right.  Well, Mr. Robertson, as I
> understand it, you're saying you believe you were
> entitled to a dependency deduction for your daughter,

beginning sometime in '93, that you didn't claim on your tax return?

MR. ROBERTSON:  That was when I went to court and got custody of her.  I should have filed her.  Yes, sir, I should have filed her, but I didn't.

THE COURT:  Okay.

MR. ROBERTSON:  I had just went through a divorce and I wasn't doing that right.

THE COURT:  And that continued through '99?  Is that what you said?

MR. ROBERTSON:  I never put her on.  She went all the way through school, and finished school, and she went about a year or something in nursing.  I never did put her on.

THE COURT:  So you believe this condition existed in '93?

MR. ROBERTSON:  She was 16 when I had gotten her. I think she stayed with me until she finished school, and then she went to nursing school, and then she might have left about 20, when she left my house, and got her an apartment, and bought her a car.  I think she moved along there somewhere.

THE COURT:  So she was how old when you got her, 16?

MR. ROBERTSON:  Yes, sir.

THE COURT:  And you think she moved out when she was 20?

MR. ROBERTSON:  I think that's about right.

THE COURT:  So if you added four years--if you took 20 and subtracted 16, that leaves four years that she lived in your house.  Is that correct?

MR. ROBERTSON:  That's correct.

THE COURT:  All right.  So if we took the year 1993 and added four years to it, then you would say, you got her in December '93.  Was that what you said?

MR. ROBERTSON:  December '93 was when it was filed in the courthouse.

THE COURT:  So at most that would be like, maybe '93, but '94, '95, '96, and '97, but '98 and '99, she wouldn't have lived in your house any more.  Is that--

MR. ROBERTSON:  That's true.

Through the foregoing colloquy, petitioner has raised a question of material fact with respect to his entitlement to a dependent exemption deduction for his daughter for 1997, as well as to other potential correlative changes such as head of household filing status.[3]  See secs. 2, 151, 152.  Accordingly, we will deny respondent's motion for summary judgment as it relates to 1997.  At the same time, as regards 1998 and 1999, petitioner appears to have conceded that the criteria for such a deduction would not have been met.  He thus has failed properly to oppose respondent's motion for summary judgment for 1998 and 1999, at least insofar as the issue of underlying liability is concerned.

C.  <u>1995, 1996, 1998, and 1999--Abuse of Discretion</u>

In light of our conclusions above regarding challenges to the underlying liability, disposition of the remainder of respondent's motion rests on whether petitioner has, for 1995,

---

[3] On the basis of the limited factual record available to the Court, there may be merit to these contentions.

1996, 1998, or 1999, raised material issues pertaining to any of those matters enumerated in section 6330(c)(2)(A) and subject to review for abuse of discretion. These items include spousal defenses, collection alternatives, and other valid challenges to the appropriateness of the collection action. Id.

The record does not reflect that petitioner has at any time pursued a spousal defense. As to collection alternatives, there was some discussion at the hearing on respondent's motion concerning a series of $65 payments made by petitioner at some time between 1999 and 2002. A review of transcripts of petitioner's accounts revealed that these payments had been properly credited, and petitioner did not suggest that he had proposed or was currently seeking an installment agreement or other collection alternative to satisfy his outstanding liabilities for the period before us. Nor is there any indication that petitioner has otherwise challenged the appropriateness of the collection action within the meaning of section 6330(c)(2)(A).

Given that matters not properly raised or preserved in collection proceedings are typically deemed conceded, see Rule 331(b)(4); Magana v. Commissioner, 118 T.C. 488, 493-494 (2002); Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001); Goza v. Commissioner, 114 T.C. 176, 183 (2000), we conclude that petitioner has not advanced any issues of material fact with

regard to whether respondent's determination to proceed with collection for 1995, 1996, 1998, and 1999 was an abuse of discretion.  We therefore shall deny respondent's motion with respect to 1997 and grant summary judgment with respect to 1995, 1996, 1998, and 1999.

To reflect the foregoing,

<u>An appropriate order will be issued granting in part and denying in part respondent's motion for summary judgment</u>.