T.C. Memo. 2004-101

UNITED STATES TAX COURT

SEGUDINO AND DELFA RAZO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16969-02L.          Filed April 9, 2004.

<u>David P. Leeper</u>, for petitioners.

<u>Michael W. Bentley</u> and <u>Gordon P. Sanz</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This proceeding was commenced in response to
a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER
SECTION 6320 AND/OR 6330" (notice of determination).  The notice
of determination sustained the Federal tax lien, but suspended
petitioners' account as "temporarily not collectible".  The issue
for decision is whether it was an abuse of discretion for

respondent's Appeals officer to sustain the lien and reject petitioners' offer to compromise their 1995, 1996, and 1997 liabilities of $7,832.90 for $100.  Because of the value of petitioners' assets, we hold that it was not an abuse of discretion.

Background

The parties submitted this case fully stipulated under Rule 122[1].  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioners, Mr. Razo and Mrs. Razo, resided in El Paso, Texas, at the time they filed their petition.  This Court, in an Order dated November 19, 2003, denied a motion by respondent to dismiss for lack of jurisdiction, as supplemented.

Petitioners filed joint Federal income tax returns for 1995, 1996, and 1997.  Each of these returns showed tax due, but petitioners did not submit payment with the returns.  On March 1, 2002, respondent issued petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. Section 6320, listing their total 1995, 1996, and 1997 liabilities as $7,832.90.  On March 4, 2002, respondent filed a notice of Federal tax lien in El Paso County, Texas.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On March 26, 2002, petitioners' counsel, acting under a power of attorney from petitioners, submitted on behalf of petitioners a Form 12153, Request for a Collection Due Process Hearing, requesting a hearing under section 6320 with respondent's Appeals Office. Also submitted with the Form 12153 was a Form 656, Offer in Compromise, setting forth petitioners' offer to pay $100 to settle their 1995, 1996, and 1997 tax liabilities. Petitioners' offer in compromise was based on "effective tax administration" (ETA).

A section 6320 hearing was held on August 14, 2002. On October 3, 2002, respondent's Appeals officer issued the notice of determination rejecting petitioners' offer in compromise and sustaining the Federal tax lien, but recommending that petitioners' accounts be suspended as "temporarily not collectible". The Appeals officer based his determination to sustain the lien on the value of certain assets owned by petitioners, which include a house, two vehicles, and personal effects. The Appeals officer measured the quick sale value of petitioners' assets, less encumbrances against them, and found that the net amount of petitioners' equity in the assets greatly exceeded petitioners' tax liabilities for the years 1995-97. For example, one of petitioners' automobiles alone had a quick sale value in excess of the tax liabilities. However, the Appeals officer then noted that petitioners faced various hardships that

would impede their ability to earn greater income in the future, or pay off their existing debts in an installment agreement. Mr. Razo is 62 years old and is employed as a manual laborer. Mrs. Razo is unemployed due to health problems. In addition, the Appeals officer noted that petitioners are currently in arrears on their mortgage and car payments, and they owe significant amounts of real estate taxes. The Appeals officer recommended that petitioners' account be suspended as "temporarily not collectible". By suspending their account as "temporarily not collectible", the Appeals officer halted collection activity until petitioners' financial situation changes and either payment is forthcoming or another collection alternative is feasible. The determination would allow the Government to recover a portion of any proceeds from a future sale or foreclosure on any of petitioners' assets. The Appeals officer concluded that although it was unlikely that petitioners would be able to pay their liabilities other than from the value of their assets, the lien would enable the Government to preserve its priority rights in any foreclosure or bankruptcy proceedings. Petitioners timely filed a petition with this Court for review of the Appeals officer's determination.

<u>Discussion</u>

Sections 6320 (pertaining to liens) and 6330 (pertaining to levies) were enacted as part of the Internal Revenue Service

Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, in order to afford taxpayers new procedural protections with regard to collection matters.  Section 6320 generally provides that the Secretary cannot proceed with collection of taxes by way of a lien on a taxpayer's property until the taxpayer has been notified in writing and provided with an opportunity for an administrative review in the form of a hearing before an impartial officer of the Internal Revenue Service Office of Appeals.  Sec. 6320(b).  Generally, hearings under section 6320 are conducted in accordance with the procedural requirements set forth in section 6330(c).  Sec. 6320(c).  At the hearing, the Appeals officer shall obtain verification that the requirements of any applicable laws and administrative procedures have been met.  Sec. 6330(c)(1).  Taxpayers may raise appropriate spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives, which may include offers in compromise.  Sec. 6330(c)(2)(A)(iii).  In certain circumstances, taxpayers may also challenge their underlying tax liability at the hearing.  Sec. 6330(c)(2)(B).

In this case, petitioners do not dispute that the Appeals officer obtained verification that the requirements of any applicable laws and administrative procedures had been met.  In addition, petitioners do not dispute the existence or amount of

their underlying tax liability.  The only collection alternative offered by petitioners at their hearing was their offer in compromise for $100.  No other issues were raised.

We review the Appeals officer's determination for an abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 182 (2000). We must decide whether respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Fargo v. Commissioner, T.C. Memo. 2004-13. The issue raised with the Appeals officer is the proper point of reference in determining whether the Appeals officer abused his discretion. Magana v. Commissioner, 118 T.C. 488, 493-494 (2002).

Petitioners contend that the Appeals officer abused his discretion in rejecting their offer to compromise the $7,832.90 total liability for $100.  Specifically, petitioners argue that their offer in compromise should have been accepted because they will not be able to meet basic living expenses if their assets are lost to foreclosure and respondent's lien is left in place. They point to their poor health, age, and education as evidence that they will experience economic hardship if the value of their equity is not available to them.  They also argue that the examples contained in section 301.7122-1(c)(3)(iii), Proced. & Admin. Regs., compel respondent to accept their ETA offer.

We note at the outset that based on the record petitioners

are not destitute. The record reflects that petitioners own two automobiles, one with a quick sale value of $10,120, subject to an encumbrance of $921, and the other with a quick sale value of $8,988, subject to an encumbrance of $5,700. Petitioners do not dispute that these figures are correct. The Appeals officer sustained the lien and suspended their account as "temporarily not collectible". There is no evidence that the Government is currently taking any efforts to collect on petitioners' account.

Section 301.7122-1(c)(3), Proced. & Admin. Regs., authorizes the Internal Revenue Service, in compromising liabilities, to take into account circumstances where payment in full would create economic hardship. In this case, the Appeals officer determined that petitioners did not have sufficient income to enter an installment agreement. However, the regulations do not require the Commissioner to relieve a liability completely because the taxpayers are unable to pay the liability from current income. Petitioners have not shown that they are unable to pay at least a part of their liability from their remaining assets. Their $100 de minimis offer effectively asks respondent to forgive their entire liability, despite the value of their assets. On the basis of the undisputed facts presented to the Appeals officer, if petitioners were to sell one of their two automobiles, they could pay the entire amount of the liability at issue. Under these circumstances, we cannot find an abuse of

discretion in the Appeals officer's determination to reject petitioners' de minimis offer in compromise. The Government is entitled to preserve its priority regarding petitioners' assets, given their value and the uncertainty regarding their disposition. In the face of petitioners' de minimis offer, respondent's willingness to forgo collection until petitioners' financial situation changes was reasonable and certainly was not an abuse of discretion.

To reflect the foregoing,

<u>Decision will be entered</u> <u>for respondent</u>.