T.C. Memo. 2005-4


UNITED STATES TAX COURT


SAL ALANIZ AND RUTH ALANIZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5814-03L.          Filed January 11, 2005.


       Ps filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R to
proceed with collection by levy of assessed income tax
liabilities, plus penalties and interest, for 1994, 1996,
and 1997.  Both parties filed motions for summary judgment
under Rule 121, Tax Court Rules of Practice and Procedure.

       <u>Held</u>:  R's rejection of a $2,000 offer in
compromise proposed by Ps did not constitute an abuse
of discretion.

       <u>Held</u>, <u>further</u>, R's motion for summary judgment is
granted, and R may proceed with collection of balances
due as determined in a Notice Of Determination
Concerning Collection Action(s) Under Section 6320
and/or 6330.  Ps' motion for summary judgment is
denied.

David P. Leeper, for petitioners.

Erin K. Huss, for respondent.


MEMORANDUM OPINION

NIMS, Judge:  This case is before the Court on both parties' motions for summary judgment pursuant to Rule 121.  The instant proceeding arises from a petition for judicial review filed in response to a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The parties do not challenge the Court's jurisdiction over this case.  Petitioners do not dispute their liability for underlying taxes, penalties, and interest.  The sole issue for decision is whether respondent's rejection of petitioners' offer in compromise constitutes an abuse of discretion.

## Background

Some of the facts are stipulated and are incorporated herein by this reference.  At the time the petition was filed in this case, petitioners resided in El Paso, Texas.

Petitioner Sal Alaniz is a 73-year-old insurance salesman who has been diagnosed with high blood pressure and severe vision impairment.  Petitioner Ruth Alaniz assists her husband in the

operation of his business, but is otherwise not employed outside the home. Petitioners filed joint Forms 1040, U.S. Individual Income Tax Return, for the taxable years 1994, 1996, and 1997. As of October 28, 2003, petitioners' total unpaid income tax liability, plus penalties and interest, for the foregoing taxable years was $221,372.

On February 29, 2000, petitioners offered to settle their tax liabilities for $4,650. Following submission of their settlement offer, petitioners purchased two new automobiles and took out additional life insurance on Mr. Alaniz. These transactions increased petitioners' monthly expenses by approximately $1,000. Petitioners also transferred their 1964 Ford Thunderbird to a son-in-law for below market value. On February 20, 2001, respondent rejected the settlement offer.

On March 11, 2002, respondent issued to petitioners a letter entitled "Final Notice of Intent to Levy and Notice of Your Right to a Hearing" relating to petitioners' unpaid income tax liabilities for the taxable years at issue. Thereafter, on March 21, 2002, petitioners sent a Form 12153, Request for a Collection Due Process Hearing, to respondent's Appeals Office. Petitioners indicated they were unable to pay their tax liabilities because they could not meet basic living expenses. On August 14, 2002, petitioners filed Form 656, Offer in Compromise (OIC), which proposed to compromise petitioners' liabilities for $2,000.

As a basis for the OIC, petitioners submitted personal financial information that showed monthly expenses exceeding monthly income by $1,170.  Petitioners' claimed $2,895 housing expense and $500 insurance expense accounted for a large portion of the deficit.  Petitioners made no reference to the Ford Thunderbird.  The Appeals officer questioned the "arm's length nature" of the automobile's transfer and concluded that the asset belonged in the offer calculation.  Petitioners do not dispute this conclusion.

Respondent rejected petitioners' OIC on March 13, 2003.  Respondent followed prescribed guidelines to determine petitioners' collection potential.  See 1 Administration, Internal Revenue Manual (CCH), sec. 5.8.5.5., at 16,339.  The Appeals officer adjusted petitioners' claimed housing and life insurance expenses to $789 and $200, respectively.  The Appeals officer used monthly income of $4,860, consisting of $3,411 reflected on petitioners' 2001 Schedule C, Profit or Loss From Business, and $1,449 of Social Security income, less national standard expenses of $4,148 to arrive at net monthly income of $712.  Respondent fixed the present value of petitioners' net income for 48 months at $34,176.  Petitioners argue that this figure is too high and claim that their income will decline in future years because of Mr. Alaniz's advanced age and "deteriorating health."

The value of the Ford Thunderbird was not stipulated by the parties. The Appeals officer referred to the Internet National Auto Dealers of America Guide for classic cars to arrive at a forced sale value of $11,008 for the automobile in "deteriorated restoration" condition. Petitioners argue that the Ford Thunderbird is "junked" and only worth between $2,200 and $4,000.

The Appeals officer determined that an appropriate offer amount approached $46,000, or approximately petitioners' net income for 48 months plus respondent's valuation of the Ford Thunderbird. Negotiations between the Appeals officer and petitioners' counsel suggested the parties were too far apart to reach an acceptable compromise. The Appeals officer pointed out that petitioners' future earnings from the insurance business, interest in the Ford Thunderbird, and increased personal expenditures did not warrant acceptance of the $2,000 OIC. The Appeals officer also offered to suspend collection activities for 1 year to provide petitioners the opportunity to adjust their finances and reduce expenses. Petitioners' counsel declined the offer.

Petitioners contend in their Motion that respondent failed to consider Mr. Alaniz's advanced age, ill health, and declining income from the insurance business. Petitioners argue that the Appeals officer's calculations were unreasonable and rejection of the $2,000 OIC was an abuse of discretion.

## Discussion

Summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact, and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Because the underlying tax liability is not in dispute, we review the Appeals officer's actions under an abuse of discretion standard. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Under the abuse of discretion standard, a determination will be affirmed unless the respondent took action that was arbitrary or capricious, lacks sound basis in fact, or is not justifiable in light of the facts and circumstances. Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

Before a levy may be made on any property or right to property, a taxpayer is entitled to notice of intent to levy and notice of the right to a fair hearing before an impartial officer of the IRS Appeals Office. Secs. 6330(a) and (b), 6331(d). Taxpayers may raise challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise". Sec. 6330(c)(2)(A). The Appeals officer must consider those issues, verify that the requirements of

applicable law and administrative procedures have been met, and consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person [involved] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C). Here, petitioners do not dispute that all administrative procedures have been met so the sole issue for our consideration is whether respondent's rejection of petitioners' OIC was an abuse of discretion.

Section 7122 provides respondent with the authority to grant an offer in compromise as an alternative to collection action. Respondent grants an offer in compromise when there is a doubt as to the actual tax liability, doubt as to collectibility, or for other purposes relating to effective tax administration. Sec. 301.7122-1, Proced. & Admin. Regs.; 1 Administration, Internal Revenue Manual (CCH), sec. 5.8.1.1.2, at 16,253.

The Appeals officer considered petitioners' $2,000 offer on the grounds of "doubt as to collectibility" (as such term is used in the context of the foregoing reference to the regulations and the Internal Revenue Manual). The Appeals officer also took into consideration as a potential ground for compromise the promotion of effective tax administration. See sec. 301.7122-1(b)(3), Proced. & Admin. Regs. Respondent may accept an offer in compromise based on doubt as to collectibility when there are

questions concerning whether the tax liability will be collected in full, as in petitioners' case, and where the offered amount reflects realistic collection potential. 1 Administration, Internal Revenue Manual (CCH), sec. 5.8.1.1.3, at 16,253.

We conclude that respondent's rejection of the OIC was reasonable in light of petitioners' collection potential. The Appeals officer followed prescribed guidelines based on section 7122(c)(1) to determine whether the $2,000 OIC was acceptable. The Appeals officer permitted petitioners national and local allowances in accordance with section 7122(c)(2). Respondent based his calculation of Mr. Alaniz's future net income on the amount found in petitioners' 2001 Schedule C less allowable expenses. The parties disagree about the exact value of the Ford Thunderbird, but we agree with respondent that liquidation of the automobile will generate more than $2,000 without rendering petitioners penniless. The Appeals officer valued the car at $11,000, which, while not conclusive, is sufficient to create serious questions as to petitioners' valuation of the asset.

The record shows that the Appeals officer considered Mr. Alaniz's age and health. Cf. sec. 301.7122-1(c)(3)(i)(A), Proced. & Admin. Regs., relating to effective tax administration. The Appeals officer noted that Mr. Alaniz remains active in the insurance business despite his age and medical conditions. No evidence of petitioners' "deteriorating" health was given to the

Appeals officer at the administrative hearing.  Furthermore, the Appeals officer's offer to suspend collection activities for one year demonstrates respondent's willingness to give petitioners more time to reduce their expenses, including those incurred after rejection of the first settlement offer.

Petitioners attached a number of exhibits to their Motion, most of which were unavailable to the Appeals officer at the time of the hearing, to support their argument that respondent's determination was an abuse of discretion.  Petitioners included a Schedule C for 2002 reflecting monthly income of $2,605, a junkyard's appraisal of the Ford Thunderbird, and documentation of petitioners' medical problems.  However, it is self-evident that the Appeals officer may not be held to have committed an abuse of discretion where information that might have supported petitioners' position was not forthcoming at the time of the administrative hearing.  In any event, we are unable to conclude that the production of such additional information at the time of the hearing might have led to a different result.  See Van Vlaenderen v. Commissioner, T.C. Memo. 2003-346.

We have reviewed the financial information which the record reveals was available to the Appeals officer at the time of the administrative hearing, and we conclude that respondent's rejection of the $2,000 offer in compromise was not arbitrary. Respondent's refusal of the de minimis offer was justified by

income generated from the insurance business, value in the Ford Thunderbird, and petitioners' increased expenditures since the first settlement offer.  See <u>Razo v. Commissioner</u>, T.C. Memo. 2004-101.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.

We hold that respondent did not abuse his discretion and correctly determined that collection efforts should proceed.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered for</u>

<u>respondent</u>.