T.C. Memo. 2005-198

UNITED STATES TAX COURT

MEHDI H. HAJIYANI, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4008-04L.                    Filed August 16, 2005.

Mehdi H. Hajiyani, pro se.

Roger W. Bracken, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Chief Judge:  Petitioner, pursuant to section 6330(d),[1] seeks review of respondent's determination to proceed with collection (by means of levy) of petitioner's unpaid 1993

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and 1994 Federal income tax liabilities.  The issue for our consideration is whether respondent abused his discretion by determining to proceed with the proposed levy.

FINDINGS OF FACT[2]

At the time of the filing of the petition in this case, petitioner resided in Rockville, Maryland.  On April 11, 2001, petitioner was provided with the opportunity to contest his 1992, 1993, and 1994 income tax deficiencies in a trial before this Court.  On December 12, 2001, the Court held in a Summary Opinion, inter alia, that petitioner was engaged in a money-lending business for the years 1992 to 1994 and was allowed to deduct certain expenses associated with that business.  See Hajiyani v. Commissioner, T.C. Summary Opinion 2001-183.

In the above-referenced deficiency proceeding, the parties were required to provide the Court with computations reflecting the holdings in T.C. Summary Opinion 2001-183 for purposes of entry of decision.  See Rule 155.  Respondent submitted a computation, but petitioner did not.  After a time, respondent moved for an entry of decision in accord with his proposed computation, which was based on the Court's Summary Opinion.

On February 22, 2002, petitioner, through his attorney, Kenneth Wall, filed an objection to the entry of decision,

_____

[2]The parties' stipulation of facts is incorporated by this reference.

alleging that additional information for the year could alter the decision to be entered. On February 27, 2002, this Court ordered petitioner to file an alternative computation by March 25, 2002. Petitioner failed to file an alternative computation, and on April 26, 2002, a decision was entered determining deficiencies in income tax for the taxable years 1993 and 1994 of $9,228 and $17,369, respectively.

On January 4, 2003, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) for petitioner's 1993 and 1994 taxable years. The levy notice reflected an unpaid tax liability (including interest) of $10,109 for the 1993 taxable year and $33,195 for the 1994 taxable year.

On February 2, 2003, respondent received petitioner's timely Form 12153, Request for a Collection Due Process Hearing (request), for taxable years 1992, 1993, and 1994. As a basis for his request, petitioner attached documents showing that he had objected to respondent's original decision. Petitioner's original section 6330 hearing was scheduled for November 19, 2003, but it was rescheduled for a later date because of conflicts. Petitioner failed to appear for the rescheduled meeting. On February 4, 2004, respondent mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (final notice) determining that the

proposed levy should be sustained. As of that date petitioner had not proposed any collection alternatives. The sole issue petitioner raised was whether he was liable for the unpaid 1993 and 1994 tax liabilities. On February 11, 2004, petitioner sent an offer-in-compromise to respondent, offering to settle the 1992, 1993, and 1994 tax liabilities for $100 on the basis of doubt as to liability.

OPINION

Petitioner essentially makes three arguments in support of his position that respondent should not be allowed to proceed with collection. First, petitioner argues that the Rule 155 computations in the deficiency proceeding for the 1993 and 1994 tax years are incorrect because they did not account for petitioner's claimed loss relating to his money-lending business in 1992. Second, petitioner argues that his offer-in-compromise was not considered. Finally, petitioner contends that part of his tax liabilities was satisfied by offsets of tax refunds and attachment of his bank accounts.

Section 6331(a) authorizes the Commissioner to levy on property and property rights of a taxpayer who fails to pay a tax liability after notice and demand. Sections 6331(d) and 6330(a), however, require the Secretary, before proceeding with collection, to send written notice to the taxpayer of the intent to levy and of the taxpayer's right to a hearing.

Section 6330(c)(2)(A) provides that, at the hearing, the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy" including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection. Section 6330(c)(1) requires that the Appeals officer obtain verification that the requirements of any applicable law or administrative procedure have been met.

When an Appeals officer issues a determination regarding a disputed collection action, a taxpayer may seek judicial review with the Tax Court or a District Court, as appropriate. Sec. 6330(d); see Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). The underlying tax liability may be questioned if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Where the validity of the underlying tax is not at issue, the Court will review the Commissioner's administrative determination for an abuse of discretion. Id.; Goza v. Commissioner, supra at 181-182. Petitioner had the opportunity to dispute the underlying tax liabilities and did so in the deficiency proceeding. Therefore, the validity of the underlying tax liabilities may not

be questioned, and we review respondent's determination under an abuse of discretion standard.

The main thrust of petitioner's challenge concerns the computations in the deficiency proceeding under Rule 155. However, as noted, petitioner is not entitled to question the underlying tax liabilities because he already has been provided the opportunity to challenge his liabilities. See sec. 6330(c)(2)(B). In that regard, petitioner was provided with the opportunity to submit a computation under Rule 155, but failed to timely do so. Petitioner contends that Mr. Wall, his attorney, did not submit a Rule 155 computation. Petitioner's contention with respect to his attorney's failure does not change the limitation upon petitioner or the Court with respect to addressing the underlying merits of his 1993 or 1994 tax liability. See sec. 6330(c)(2)(B).

With respect to petitioner's second argument, concerning his attempted offer-in-compromise, our review of the Commissioner's determination generally is limited to issues raised at the section 6330 hearing. Magana v. Commissioner, 118 T.C. 488, 493 (2002). Petitioner's offer-in-compromise was submitted after the scheduled section 6330 hearing and the issuance of the final notice. Accordingly, the offer-in-compromise could not have been considered at the section 6330 hearing. There would, therefore,

be no basis for the Court to hold that there was an abuse of discretion with respect to the offer-in-compromise.[3]

Petitioner's final argument is that a portion of his tax liabilities had been satisfied through offset and other collection by respondent. However, the specific amounts of petitioner's tax liabilities that remain unpaid have not been addressed by him, and there is no evidence that respondent is attempting to collect more than petitioner's unpaid balance.

In summary, before the scheduled section 6330 hearing, petitioner's sole defense to the proposed levy was his challenge to the underlying tax liability. Petitioner did not attend the scheduled hearing, and through the time of the final notice he did not offer spousal defenses, challenges to the appropriateness of the collection action, or collection alternatives.

We, accordingly, hold that respondent did not commit error or abuse his discretion in his determination to proceed with collection.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[3]It should be noted that petitioner's offer-in-compromise was with respect to doubt as to liability, which would address the merits of the underlying liability. Since petitioner is precluded from questioning the underlying liabilities, his offer would not provide him any relief in the setting of this proceeding.