T.C. Summary Opinion 2010-20


UNITED STATES TAX COURT


WALTER L. AND CAROL L. SELPH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25700-07S.               Filed March 1, 2010.


Walter L. and Carol L. Selph, pro sese.

<u>John R. Bampfield</u>, for respondent.


GOEKE, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, all section references
are to the Internal Revenue Code, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent issued to petitioners a notice of Federal tax lien (NFTL) and a notice of intent to levy (levy notice) to collect outstanding income tax liabilities and additions to tax under section 6651(a)(1) and (2) for the tax periods December 1999, December 2000, and December 2001. The issues for decision are: (1) Whether petitioners are entitled to challenge their underlying tax liabilities for the years at issue, and if so (2) whether petitioners are liable for additions to tax under section 6651(a)(1) and (2). For the reasons stated herein, we find that petitioners are entitled to challenge their underlying tax liabilities and are liable for the section 6651 additions to tax for 1999, but not for 2000 and 2001.

## Background

The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioners resided in Florida at the time of filing their petition.

In January 2000 petitioner wife was employed by the New York Times; petitioner husband was employed by Publix Supermarket. During 2000 petitioner wife suffered from a variety of health problems such as sleep deprivation. As a result, petitioner wife filed for short-term disability benefits. Later in 2000 petitioner wife started seeing a psychiatrist. In November 2000

petitioner wife lost consciousness and was taken to a local hospital. In January 2001 petitioner wife suffered a rash that caused another visit to the hospital. Later, petitioner wife filed for Social Security disability benefits due to continuous health issues which required her to visit doctors frequently.

Petitioners did not timely file income tax returns for 1999, 2000, and 2001. However, tax was withheld from their pay. Respondent did not prepare substitutes for returns for petitioners pursuant to section 6020(b). On February 20, 2006, petitioners filed their income tax returns for 1999, 2000, and 2001 showing their tax liabilities. For each of these 3 years, petitioners' withholding was less than the amount of tax reported. Thus, petitioners' untimely filed returns reported balances due.

On March 2, 2007, respondent issued petitioners an NFTL for the balances due and additions to tax. In the NFTL respondent listed petitioners' unpaid tax liabilities for tax years 1999 through 2001 as $946.08, $3,074.62, and $1,514.84, respectively. On March 16, 2007, a notice of intent to levy was issued to petitioners. In response to both notices, on April 5, 2007, petitioners requested a collection due process (CDP) hearing. Sometime in April 2007, petitioners contacted the Taxpayer Advocate Service (TAS) for assistance in dealing with the Internal Revenue Service (IRS).

Petitioners informed the TAS that they had reasonable cause for not paying their balances and had since paid all of their delinquent taxes including interest. Petitioners' transcripts do not show full payment of their delinquent taxes. However, respondent did not contest petitioners' claim of having paid the balances.

On July 2, 2007, the Appeals Office transferred petitioners' CDP hearing to a settlement officer. On July 3, 2007, the settlement officer recorded in her administrative case file that petitioners were seeking financial relief from their taxes. On September 5, 2007, respondent sent by facsimile to petitioners a letter informing them of an opportunity to indicate collection alternatives. Petitioners did not offer any collection alternatives. On September 6, 2007, respondent faxed petitioners a letter informing them that their case was being transferred from the Appeals Office to a settlement officer. In addition, respondent informed petitioners that the deadline to submit any additional information was September 21, 2007.

On September 17, 2007, petitioners faxed a request to respondent asking for an extension of their deadline because of a tropical depression affecting their region. Two days later and without a response from respondent, petitioners faxed a document to the TAS requesting additional time to submit the additional information. Respondent eventually responded to petitioners

after the September 21, 2007, deadline but did not address their previous request for additional time.

On October 5, 2007, respondent mailed to petitioners notices of determination upholding the collection actions. Petitioners filed a petition for redetermination on November 7, 2007, and an amended petition on December 26, 2007. A trial was held on February 25, 2009, in Tampa, Florida.

## Discussion

### I. Petitioners' Underlying Liabilities

Sections 6320 (pertaining to liens) and 6330 (pertaining to levies) were enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, in order to afford taxpayers new procedural protections with regard to collection matters. Section 6320(a) and (b) generally provide that the Secretary cannot proceed with collection of taxes by way of a lien on a taxpayer's property until the taxpayer has been notified in writing and provided within a 30-day period an opportunity for an administrative hearing before an impartial officer of the Commissioner's Appeals Office. Generally, hearings under section 6320 are conducted in accordance with the procedural requirements set forth in section 6330(c). Sec. 6320(c). At the hearing, the Appeals officer shall obtain verification that the requirements of any applicable laws and administrative procedures have been met. Sec.

6330(c)(1).  A taxpayer may raise at the hearing any relevant issue with regard to the Commissioner's collection activities, such as appropriate spousal defenses, challenges to the appropriateness of the intended collection action, and offers of alternative means of collection, including offers-in-compromise. Sec. 6330(c)(2)(A).  In certain circumstances, a taxpayer may also challenge his underlying tax liability at the hearing if the taxpayer did not receive a notice of deficiency or did not have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Section 6331(a) authorizes the Secretary to levy upon property and property rights of any taxpayer liable for taxes who fails to pay those taxes after notice and demand for payment is made.  Section 6331(d) provides that the levy authorized by section 6331(a) may be made with respect to any unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy.  Section 6330(a) further requires that the notice advise the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a hearing.

If a hearing is requested, the hearing is to be conducted by an officer or employee of the Commissioner's Appeals Office with no prior involvement with respect to the unpaid tax at issue. Sec. 6330(b)(1), (3).  The Appeals officer shall at the hearing obtain verification that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1).  The

taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability at the hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B). Amounts reported as due on the taxpayer's original return may also be challenged. Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

At the conclusion of the hearing the Appeals officer must determine whether and how to proceed with collection and shall take into account: (1) The verification that the requirements of any applicable law or administrative procedure have been met; (2) the relevant issues raised by the taxpayer; (3) challenges to the underlying tax liability by the taxpayer, where permitted; and (4) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

Pursuant to the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, this Court has exclusive jurisdiction to review notices of determination issued pursuant to sections 6320 and 6330, effective for determinations made after October 16, 2006. Generally, as described under section

6330(c)(2), failure of the taxpayer to raise an issue during the section 6330 hearing will preclude our consideration of that issue. <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 112-113 (2007); <u>Magana v. Commissioner</u>, 118 T.C. 488, 493 (2002). However, the Appeals officer's mandated verification under section 6330(c)(1) that the requirements of any applicable law or administrative procedure have been met is subject to review without regard to a challenge by the taxpayer at the hearing. <u>Hoyle v. Commissioner</u>, 131 T.C. ___, ___ (2008) (slip op. at 11).

Where the underlying tax liability is properly at issue, the Court will review the matter de novo. Where the underlying tax is not properly at issue, however, the Court will review the Commissioner's determination for abuse of discretion. See, e.g., <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

Respondent argued at trial that petitioners had an opportunity to dispute their underlying tax liabilities with the Appeals officer and failed to do so. Thus, pursuant to the Court's decision in <u>Giamelli v. Commissioner</u>, <u>supra</u>, petitioners cannot raise it here. Petitioners argued that they did dispute their underlying tax liabilities. At trial, the Court ruled that petitioners did properly challenge the underlying liabilities regarding the additions to tax during communications with the Appeals officer and thus could raise it before the Court.

Therefore, the additions to tax for 1999 through 2001 are properly at issue and we review them de novo.

II.  Section 6651 Addition to Tax

Respondent determined that petitioners are liable for additions to tax under section 6651(a)(1) and (2) for 1999, 2000, and 2001.  Petitioners did not challenge the amounts of their tax liabilities but claimed at trial that they had paid balances due.  Petitioners are challenging only their liability for the section 6651(a)(1) and (2) additions to tax.

Pursuant to section 7491(c), the Commissioner's initial burden of production is to introduce evidence that the returns were filed late.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The Commissioner, however, is not obligated to introduce evidence regarding reasonable cause or substantial authority.  Id. at 446-447. Once the Commissioner meets his burden of production, a taxpayer bears the burden of proving that the late filing was due to reasonable cause and not willful neglect and must provide evidence sufficient to persuade the Court that the Commissioner's determination is incorrect.  Id.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a Federal income tax return by its due date, with extensions.  The section 6651(a)(1) addition to tax is equal to 5 percent of the amount of tax required to be shown on the return if the failure is not for more than 1 month, with an additional 5

percent for each month or partial month during which the failure to file continues, not to exceed 25 percent in the aggregate. The addition to tax does not apply if it can be established that such failure was due to reasonable cause and not willful neglect. Id.  Willful neglect means a conscious, intentional failure or reckless indifference.  United States v. Boyle, 469 U.S. 241, 245 (1985).  Section 301.6651-1(c)(1), Proced. & Admin. Regs., provides that if a taxpayer exercises ordinary business care and prudence in providing for payment of his tax liability and is nevertheless unable to file on time, then the delay is due to reasonable cause.

Because petitioners concede that they failed to timely file Federal income tax returns for the years at issue, respondent has met his burden of production with respect to the additions to tax. Petitioners, however, claim they had reasonable cause on account of numerous health issues.  Petitioners presented evidence indicating that their failure to file was due to severe medical issues that plagued petitioner wife during 1999, 2000, and 2001.

Petitioner wife filed for both short- and long-term disability benefits between 2000 and 2001 as a result of hospital visits and doctor's appointments for mental and physical health issues.  Though petitioner wife did file for short-term disability and visited psychiatrists before petitioners' 2000 tax

return filing date, she admitted to the Court that a contributing factor to not filing their 1999 tax return was a major project at work. In addition, petitioner husband was still employed and working throughout 1999 and 2000. It was not until November of 2000 when petitioner wife was taken to the hospital because she had lost consciousness that she missed work because of her health problems. Petitioner wife filed for long-term disability benefits in 2001. Thereafter, petitioner husband decided to cut back on work so he could take care of their children as petitioner wife was unable to care for them by herself.

Petitioners had reasonable cause for not filing their income tax returns for 2000 and 2001 on account of petitioner wife's serious health problems. However, petitioners have failed to explain how these issues prevented them from exercising ordinary, reasonable care and prudence in filing their 1999 tax return on April 15, 2000. Petitioners worked during 1999 and up to November of 2000, 5 months after the 1999 return was due. Even taking into account petitioner wife's seeing a psychiatrist in early 2000, there is insufficient basis to find that the failure to timely file the 1999 return was reasonable. Accordingly, we sustain respondent's imposition of the addition to tax under section 6651(a)(1) for 1999 but not 2000 and 2001.

Respondent imposed a section 6651(a)(2) addition to tax for 1999, 2000, and 2001. Section 6651(a)(2) imposes an addition to

tax for failure to pay the amount shown on the return on or before the date prescribed for payment of the tax.  The amount of the addition is equal to 0.5 percent per month (up to a maximum of 25 percent) for failure to make timely payment of the tax shown on a return.  The addition to tax applies only when an amount of tax is shown on a return.  See Cabirac v. Commissioner, 120 T.C. 163, 170 (2003).  Section 6651(a)(2) provides for an addition to tax where payment of the amount reported as tax on a return is not timely "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  Petitioners claim that petitioner wife's medical issues were responsible for their not paying their balance due.  We agree with petitioners. For the reasons stated above, we sustain respondent's imposition of the addition to tax under section 6651(a)(2) for 1999 but not for 2000 or 2001.

In conclusion, petitioners have demonstrated that there was reasonable cause for not timely filing their 2000 and 2001 tax returns.  Therefore, we sustain respondent's imposition of the addition to tax under section 6651(a)(1) and (2) only for 1999. At trial, petitioners claimed that they had paid their entire outstanding balance.  Respondent did not address this statement. Because of the uncertainty of a balance due, we will order respondent to prepare a Rule 155 computation to determine whether

petitioners have any outstanding balance and the amounts of the additions to tax.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.