# United States Tax Court

T.C. Memo. 2024-69

ARIANNA H. MATHEW,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

—————

Docket No. 10619-23L.                         Filed June 24, 2024.

—————

*Albert H. Thornton, Jr.*, for petitioner.

*Christopher J. Richmond*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

LEYDEN, *Special Trial Judge*: In this collection due process (CDP) case, petitioner seeks review pursuant to section 6330(d)(1)[1] of a determination by the Internal Revenue Service (IRS)[2] Independent Office of Appeals (Office of Appeals)[3] to uphold a proposed levy action to collect unpaid federal income tax liabilities for 2017 and 2018. On

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times.

[2] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to actions taken in connection with this case.

[3] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019). We will use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

[*2] June 28, 2023, petitioner timely filed a Petition commencing this case. Petitioner resided in Rhode Island when the Petition was filed with the Court.

The issue for decision is whether the Office of Appeals abused its discretion in upholding the proposed collection action. The Court finds that it did not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The First Stipulation of Facts, consisting of paragraphs 1 through 19 and Exhibits 1-J through 16-J, is incorporated herein by this reference.

I.    *Examinations, Notices, and Request for a CDP Hearing*

Petitioner filed her 2017 federal income tax return late on November 19, 2018, and timely filed her 2018 federal income tax return on September 16, 2019, after receiving an extension of time to file. Those tax returns showed self-assessed balances due.

The IRS opened examinations of petitioner's 2017 and 2018 tax returns on June 28, 2019, and January 31, 2020, respectively. The IRS identified changes to petitioner's 2017 and 2018 tax returns and reported them in Form 4549, Report of Income Tax Examination Changes, dated October 8, 2020. On November 2, 2020, petitioner consented to the IRS's proposed examination changes to her 2017 and 2018 tax returns.[4] Additional tax and penalties were assessed for 2017 and 2018 on February 15, 2021. A notice and demand was sent to petitioner with respect to the assessed liabilities.

On October 18, 2021, the IRS issued to petitioner Notices of Intent to Seize Your Assets and Your Right to a Hearing (notices of intent to levy) with respect to petitioner's 2017 and 2018 federal income tax

---

[4] There is a reference in the settlement officer (SO) activity notes of requesting a copy of the Statutory Notice of Deficiency. However, on the basis of the record the Court concludes that the SO was verifying that petitioner had a prior opportunity to contest the liabilities. The SO verified that petitioner consented to the proposed examination changes and therefore a notice of deficiency was not issued.

[*3] liabilities.[5] The notices of intent to levy advised petitioner of her right to request a CDP hearing.

On November 16, 2021, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, to challenge the proposed levies with respect to her unpaid 2017 and 2018 tax liabilities. Petitioner checked the box for an installment agreement as a collection alternative.[6] Petitioner also wrote:

> Attached is Form 2848 Power-of-Attorney [sic]. The Internal Revenue Service has issued two (2) notices of proposed levy for 2017 and 2018 (attached). The taxpayer is currently on an installment agreement and has made all required installment payments, save for the authorized delay of payments due to COVID. It is requested herein that the proposed levy notices be withdraw [sic] and no further action taken.

## II. *The CDP Hearing and Determination*

Petitioner's CDP hearing request was assigned to an SO. The SO verified that he did not have prior involvement with respect to the tax or the years at issue in this case.

On August 26, 2022, the SO sent petitioner and her attorney a letter acknowledging receipt of petitioner's CDP hearing request and scheduling a telephone hearing for September 27, 2022. In the letter the SO notified petitioner that he needed petitioner's specific proposal for an installment agreement and requested supporting financial documentation to consider an installment agreement. The requested documentation included (1) a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, (2) proof of estimated tax payments in full for the year to

---

[5] Although one of the notices of intent to levy referenced a liability from tax year 2019, that year's liability is not presently before the Court, and the Court will not address it further.

[6] On the Form 12153 petitioner also requested a lien withdrawal. Although the record does not include a notice of federal tax lien filing, respondent's records show a lien was placed on petitioner's assets for petitioner's 2017 tax liabilities on July 12, 2019, and the IRS issued a notice of filing of federal tax lien on July 16, 2019, which informed petitioner of her right to request a CDP hearing. The record does not indicate that petitioner requested a CDP hearing with respect to the notice of filing of federal tax lien, and thus the Court does not have jurisdiction to decide whether the SO abused his discretion on that issue.

[*4] date, (3) petitioner's three most recent months' bank statements with monthly expense statements, (4) a Profit/Loss statement for the last six months of self-employment with six months of bank statements, and (5) any other documentation necessary to support the Form 433–A or that petitioner wanted the SO to consider at the CDP hearing.[7] On August 29, 2022, the SO verified that petitioner had a prior opportunity to contest the liabilities because after the examination she agreed to the changes and the case was closed.

On September 27, 2022, the SO and petitioner's counsel conducted a telephone CDP hearing. Petitioner's counsel confirmed that petitioner was requesting an installment agreement. As to collection alternatives to the proposed levy, petitioner did not request an offer-in-compromise or indicate that she could not pay the liabilities. During the CDP hearing, the SO informed petitioner's counsel that petitioner had not submitted the requested documentation. The SO allowed petitioner to submit the requested documentation within two weeks of the CDP hearing. Subsequently, petitioner submitted to the SO a completed Form 433–A, bank statements, and income statements.

After conducting the hearing and reviewing petitioner's financial information, the SO proposed an installment agreement of $13,500 per month.[8] Petitioner did not accept the proposed installment agreement; instead, she informed the SO that she had prepared an amended 2017 tax return that would reduce her 2017 tax liability. Petitioner did not submit a collection alternative or propose a lower monthly installment amount. Further, petitioner did not provide a copy of the asserted amended 2017 tax return to the SO.

The SO noted in his notice of determination that petitioner did not provide the information or forms necessary for a lien withdrawal.

---

[7] In addition, the SO informed petitioner that she could apply for a lien withdrawal by submitting Form 12277, Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien. However, the Court has noted that the record does not contain any indication that petitioner submitted a Form 12277.

[8] Petitioner had outstanding tax liabilities for other prior years, and the installment agreement monthly amount was calculated to pay those as well as the 2017 and 2018 tax liabilities.

**[\*5]**                                    OPINION

I.     *Standard and Scope of Review*

The Court has jurisdiction to review a determination by the Office of Appeals pursuant to section 6330(d)(1).  In reviewing an IRS administrative determination in a CDP case, if the underlying tax liability is properly in dispute, the Court reviews the determination regarding the underlying tax liability de novo.  *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000).  The Court reviews all other determinations for abuse of discretion.  *Id.* at 182.  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

Absent limited exceptions,[9] the U.S. Court of Appeals for the First Circuit has concluded that this Court's review is limited to the administrative record for CDP cases.  *Murphy v. Commissioner*, 469 F.3d at 31.  This case is appealable to the U.S. Court of Appeals for the First Circuit, and thus, this Court will limit its review to the administrative record.  I.R.C. § 7482(b)(1)(G)(i); *Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

II.    *Hearings Under Section 6330*

Section 6331(a) authorizes the Commissioner to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment is issued.  Section 6331(d) provides that the levy authorized by section 6331(a) may be made with respect to any unpaid tax only after the Commissioner has notified the person in writing of his intention to make the levy at least 30 days before any levy action is begun.  Section 6330 elaborates on section 6331 and provides that the written notice must inform the taxpayer of her right to request a CDP hearing.  I.R.C. § 6330(a)(3)(B); Treas. Reg. § 301.6330-1(b)(1).

---

[9] These limited exceptions include "where there 'is a strong showing of bad faith or improper behavior' by agency decisionmakers" and "where there is a 'failure to explain administrative action [so] as to frustrate effective judicial review,'" neither of which applies here.  *See Murphy v. Commissioner*, 469 F.3d at 31 (first quoting *Town of Norfolk v. U.S. Army Corps of Eng'rs*, 968 F.2d 1438, 1459 (1st Cir. 1992); and then quoting *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973)).

**[\*6]**    If a CDP hearing is requested, the hearing is to be conducted by the Office of Appeals.  I.R.C. § 6330(b)(1).  At the hearing the SO conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  I.R.C. § 6330(c)(1).  The taxpayer may raise at the CDP hearing "any relevant issue relating to the unpaid tax or the proposed levy," including appropriate spousal defenses; challenges to the appropriateness of collection actions; and offers of collection alternatives.  I.R.C. § 6330(c)(2)(A).  Within 30 days after the Office of Appeals issues a notice of determination, the taxpayer may appeal the determination to the Court.  I.R.C. § 6330(d)(1).

The Court's review of CDP cases is limited to issues that the taxpayer raised during their CDP hearings.  *Giamelli v. Commissioner*, 129 T.C. 107, 112–13 (2007); *Magana v. Commissioner*, 118 T.C. 488, 493 (2002); Treas. Reg. § 301.6330-1(f)(2), Q&A-F3.

III.    *Proposed Levy and Arguments at Trial*

Petitioner did timely request a CDP hearing with respect to the proposed levies.  At the CDP hearing petitioner raised as an issue whether her 2017 underlying tax liability was correct and disagreed with the SO's proposed installment agreement monthly amount.  At trial petitioner argued that, while she did self-assess tax due and agree to the IRS's proposed examination changes to her 2017 and 2018 tax returns, the SO abused his discretion by not considering her 2017 amended return.  Petitioner asserted that the amended return corrected expenses for tax year 2017.  Specifically, petitioner asserted that in a subsequent year she made additional payments to an insurance company that reduced her liability for 2017.  Petitioner's counsel argued that petitioner submitted an amended return for 2017 sometime in 2020, but it was not processed before the conclusion of the examination.  He also conceded that the amended return was not presented to the SO at the CDP hearing.

Respondent argued that the amended return was not relevant to the question of whether the SO abused his discretion by not considering the alleged lower 2017 liability.  Respondent contended that because petitioner agreed to her corrected 2017 tax liability after the IRS examination concluded, she cannot raise the issue of underlying liabilities in a CDP hearing.

Further, respondent contended that the amended return in question was not part of the administrative record considered by the SO

**[\*7]** when making his determination and asserted, without proof, that the IRS documented that petitioner filed an amended tax return for tax year 2017 on October 5, 2023.

IV.   *Underlying Liability*

The term "underlying tax liability" in section 6330(c)(2)(B) includes tax, additions to tax, and interest. *See Katz v. Commissioner*, 115 T.C. 329, 339 (2000). The taxpayer may challenge the existence or amount of her underlying tax liability in a CDP hearing only if she did not receive a notice of deficiency or otherwise have a prior opportunity to contest the underlying tax liability. I.R.C. § 6330(c)(2)(B); Treas. Reg. § 301.6320-1(e)(3), Q&A-E2; *see Montgomery v. Commissioner*, 122 T.C. 1, 8–10 (2004); *see also Nichols v. Commissioner*, T.C. Memo. 2007-5, 2007 WL 79247, at \*4 (finding that the taxpayers, by signing Form 870, waived their right to a notice of deficiency and thus their right to contest the underlying liability in Tax Court).

Here respondent points to code 870 in the stipulated TXMOD transcript. That code indicates that, on November 2, 2020, petitioner consented to the liability proposed by the IRS's examination. Petitioner's counsel at trial conceded that petitioner had consented to the examination changes for 2017 and 2018. Therefore, petitioner had a prior opportunity to contest the 2017 underlying liability and could not challenge it at the CDP hearing. The SO did not abuse his discretion in not considering petitioner's assertion that her 2017 liability was reduced.

V.   *Collection Alternative*

In deciding whether the SO abused his discretion in sustaining the proposed levies the Court considers whether the SO (1) properly verified that the requirements of applicable law and administrative procedure had been met; (2) considered any relevant issues petitioner raised; and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3).

In reviewing for abuse of discretion, the Court generally considers only the arguments, issues, and other matters that were raised at the hearing or otherwise brought to the attention of the Office of Appeals. *Giamelli*, 129 T.C. at 115. The only collection alternative petitioner raised was an installment agreement.

**[\*8]** In determining whether there was an abuse of discretion the Court does not conduct an independent review and substitute its judgment for that of the SO. *Murphy*, 125 T.C. at 320. If the SO followed all statutory and administrative guidelines and provided a reasoned, balanced decision, the Court will not reweigh the equities. *Thompson v. Commissioner*, 140 T.C. 173, 179 (2013).

Section 6159(a) authorizes the Commissioner to enter into written agreements allowing taxpayers to pay tax in installments if he deems that the "agreement will facilitate full or partial collection of such liability." *See also Thompson*, 140 T.C. at 179. The decision to accept or reject installment agreements lies within the discretion of the Commissioner. *Id.*; *see also* Treas. Reg. § 301.6159-1(a), (c)(1)(i).

The SO proposed an installment agreement, but petitioner rejected the proposal. Petitioner argues that the installment agreement should be lower after the recalculation of her 2017 tax liability if the IRS accepts her amended return for that year. Because the SO verified that the amended return had not been processed by the IRS as of the CDP hearing date, it was not an abuse of discretion to reject considering a lower installment agreement amount.

## VI. *Verification*

The record shows that the SO properly verified that the requirements of all applicable law and administrative procedure were met in the processing of petitioner's case and that the proposed levy balances the Government's need for the efficient collection of taxes with petitioner's concerns that the collection action be no more intrusive than necessary.

## VII. *Conclusion*

The only real point of contention in this case is whether the SO abused his discretion by not considering petitioner's alleged amended 2017 tax return, which would purportedly lower petitioner's 2017 tax liability and lower the proposed installment agreement amount. Because petitioner had a prior opportunity to dispute the underlying liability, she was not entitled to dispute the underlying liability at the CDP hearing. As to petitioner's proposed collection alternative, the SO did not abuse his discretion in offering a proposed installment agreement that petitioner rejected. Respondent may proceed with the proposed collection action (levies) in respect of petitioner's remaining tax

**[\*9]** liabilities for tax years 2017 and 2018 as determined in the notice of determination dated May 23, 2023, upon which this case is based.

To reflect the foregoing,

*An appropriate decision will be entered.*